**EASTON AREA JOINT SEWER AUTHORITY**

v.

**BUSHKILL–LOWER LEHIGH JOINT SEWER AUTHORITY, Bushkill Township, Plainfield Township, Palmer Township, Upper Nazareth Township, Borough of Tatamy and Borough of Stockertown**

v.

**Jack J. SCHRAMM and Gilbert Commonwealth Engineers/Consultants.**

No. 81–1802.

United States District Court,
E.D. Pennsylvania.

July 1, 1981.

Charles S. Smith, Easton, Pa., for Bush-kill-Lower Lehigh.

James G. Sheehan, Asst. U.S. Atty., Philadelphia, Pa., for third-party Schramm.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In federal courts the collision of federal and state procedure frequently generates complex or unique questions of law,[1] an accurate characterization of the present issue.[2] In February of 1981 plaintiff commenced this action in the Court of Common Pleas of Northampton County, Pennsylvania, to recover compensatory damages from defendants for breach of contract and tortious interference with contractual relationships.[3] Several weeks later, well within the time frame contemplated by the Pennsylvania Rules of Civil Procedure,[4] defendants Plainfield and Bushkill Townships filed praecipes to join the regional director of the United States Environmental Protection Agency as an additional defendant and later obtained permission to delay service of a copy of the complaint upon him until the state court had ruled upon pending preliminary objections.[5] The townships did, how-

---

1. *See, for example, Masino v. Outboard Marine Corp.,* 652 F.2d 330 · No. 80–2711 (3d Cir. June 23, 1981) (refusing to apply in federal court a Pennsylvania statute establishing as sufficient a five-sixths civil jury vote), *Renner v. Lichtenwalner,* 513 F.Supp. 271, (E.D.Pa.1981) (applying to diversity actions Pa.R.Civ.P. 238, providing for "delay damages"), *Roesberg v. Johns-Manville Corp.,* 89 F.R.D. 63 (E.D.Pa.1980) (interpreting Fed.R.Civ.P. 15 to allow plaintiffs, in a diversity action, to amplify a cause of action time-barred by state statute) and *Lang v. Windsor Mount Joy Mutual Insurance Co.,* 493 F.Supp. 97 (E.D.Pa.1980) (integrating the provisions of Fed.R.Civ.P. 23.2, providing for maintenance of class actions against unincorporated associations with Pa.R.Civ.P. 2153(a), allowing suits against them as an entity but not as a class).

   *See also In re Grand Jury Proceedings,* (Wright II), No. 80–2585 (3d Cir. June 30, 1981).

2. Unlike the usual contention that defendant removed the action too late, *see Crompton v. Park Ward Motors,* 477 F.Supp. 699 (E.D.Pa. 1979), the Authority argues that the regional director removed the matter too *soon.*

3. Actually, the history of this litigation extends back to 1977, when a group of individuals calling themselves the Concerned Citizens of Bushkill Township sued the Environmental Protection Agency to halt federal funding of the renovation and expansion of the Easton water treatment plant by the Bushkill-Lower Lehigh Joint Sewer Authority and alleged that the agency

had not prepared and filed a proper Environmental Impact Statement of the proposed program and associated work. A study conducted in 1978 through 1980 concluded that the original project required major modifications to be environmentally acceptable. The agency directed the Authority to submit an amended application detailing an environmentally acceptable project. Throughout this time the Easton Area Joint Sewer Authority expended substantial funds to develop and implement the original project. Plaintiff presently seeks to recover those funds from the other members of the Bushkill-Lower Lehigh Joint Sewer Authority and the Authority itself.

4. *See* Pa.R.Civ.P. 2253, which provides that

   [n]either praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

5. Pa.R.Civ.P. 2252(b) required defendants to file the complaint within twenty days from the filing of the praecipe. This rule provides that

   [i]f the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or a complaint. If the joinder is by writ the joining party shall file his complaint within twenty

ever, serve the praecipes upon the regional director, who obtained a copy of the original complaint and thereafter promptly filed a petition for removal under 28 U.S.C. § 1446(b).[6] Defendant Bushkill-Lower Lehigh Joint Sewer Authority (the Authority) now moves to remand on the grounds that the action could not be removed properly until the complaint had been served upon the regional director. The praecipe, the Authority argues, cannot be considered an "initial pleading" within the meaning of the federal removal statute,[7] and, therefore, the regional director did not have the right to remove the case from the state court. More importantly, the Authority contends that, without service of the complaint, the regional director cannot properly meet the requirement that the moving party state clearly the facts which entitle him to removal.[8]

Apparently few courts have addressed the question, within the present context, of whether a case must be remanded where the removing defendant has not received an "initial pleading" adequate to satisfy the relevant federal statute, which allows a defendant to remove an action within a period activated by receipt, not filing, of the complaint.[9] The statute seeks to provide defendant with notice of the claims against him before the time in which he must remove the action. The requirement of an initial pleading exists to benefit the removing defendant, not the plaintiff or other parties.[10] Remanding the action for an arguable failure to comply with a safeguard which the regional director deemed unnecessary for his own protection would be small reward for his diligence,[11] particularly where he properly removed the action [12] and undoubtedly will do so again upon service of the complaint.[13]

(20) days from the filing of the praecipe for the writ. The complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set forth the facts relied upon to establish the liability of the joined party and the relief demanded.

6. This section provides that

[t]he petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service*, or otherwise, *of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or *within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant*, whichever period is shorter. (Emphasis added).

7. *See* the italicized portion of § 1446(b) in n.6.

8. 28 U.S.C. § 1446(a) provides that

[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

9. *See* n. 8.

10. *Powers v. Chesapeake Railway*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898).

11. *Compare Gallo v. Yamaha Motor Corp., (USA)*, 488 F.Supp. 502 (E.D.Pa.1980), in which the only diverse party moved to dismiss and appeared content to adjudicate its claims in state court, notwithstanding the protection from local bias which federal courts afford "foreign" defendants.

12. *See Ciotti v. Aetna Casualty & Surety Co.*, 511 F.Supp. 647 (E.D.Pa.1981) and *Pennsylvania National Bank & Trust Co. v. American Home Assurance Co.*, 87 F.R.D. 152 (E.D.Pa. 1980).

13. To remand this litigation for service of the complaint to satisfy the initial pleading requirement alone would, under the instant circumstances, waste the time and resources of the litigants in order to pay obeisance to a procedural technicality which will benefit no one. *Cf. Bank Building & Equipment Corp. of America v. Mack Local 677 Federal Credit Union*, 87 F.R.D. 553, 555 (E.D.Pa.1980) (refusing to sanction defendant's timely failure to demand a jury trial, which would "cause delay in disposition of disputes by creating confusion on trial dockets and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation") and *Consorcio Constructor Impregilo v. Mack Trucks, Inc.*, 497 F.Supp. 591 (E.D.Pa.1980) (failure to file timely objections to report of magistrate similarly disapproved).

Excusing compliance with procedure in appropriate situations has several parallels elsewhere in the law. *See, for example, Wolf v. National Shopmen Pension Fund*, 512 F.Supp.

Whether the regional director, without service of the complaint, can satisfy the requirement of Section 1446(a) poses a more serious problem. The removal petition must contain a "short and plain statement of the facts which entitle him . . . to removal".[14] Federal jurisdiction cannot be established by asserting a counterclaim;[15] the removing party must rely upon the allegations of the complaint.[16] True, express statutory authority permits a federal officer, sued in his official capacity, to remove an action to federal court,[17] but from the face of the praecipe served upon him and the copy of the complaint which he pro-

cured himself, he could not make such a determination. The complaint details causes of action sounding in tort and breach of contract against the defendants, not the regional director. The claims which the townships propose a assert against him cannot be ascertained from the complaint or the praecipes. Requiring the regional director to await service of the complaint to satisfy the "initial pleading" language of the removal statute unnecessarily exalts form over substance. Insisting that he properly and adequately establish federal jurisdiction in his removal petition does not.[18] Accordingly, the Authority's motion to remand will be granted.[19]

1182 (E.D.Pa.1981) and *Ritter v. Western Electric Co.*, 504 F.Supp. 886 (E.D.Pa.1980) (exhaustion of internal union remedies), *Carey v. Beans*, 500 F.Supp. 580 (E.D.Pa.1980), *aff'd*, (3d Cir. 1981), *Pini v. Allstate Insurance Co.*, 499 F.Supp. 1003 (E.D.Pa.1980), *aff'd*, (3d Cir. 1981), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D.Pa.), *aff'd*, 636 F.2d 1209 (3d Cir. 1980) (amendment to complaints where doing so would serve the interests of justice), *Hauck v. Xerox Corp.*, 493 F.Supp. 1340 (E.D.Pa.1980), *aff'd*, 649 F.2d 859 (3d Cir. 1981) (plaintiff's failure to introduce *at trial* evidence that she complied with the administrative prerequisites of Title VII would not warrant dismissal since plaintiff had *in fact* complied) and *Meuller v. Jeffrey Manufacturing Inc.*, 494 F.Supp. 275 (E.D.Pa.1980), *aff'd*, 649 F.2d 860 (3d Cir. 1981) (granting summary judgment where trial would be a useless formality).

Other circumstances require adherence to procedural rules. *See, for example, Mikkilineni v. United Engineers & Constructors, Inc.*, 485 F.Supp. 1292 (E.D.Pa.1980) and *Mount Joy Construction Co. v. Schramm*, 486 F.Supp. 32 (E.D.Pa.), *aff'd*, 639 F.2d 774 (3d Cir. 1980) (requiring exhaustion of administrative remedies where doing so permitted agency to act initially) and *Martin v. Easton Publishing Co.*, 478 F.Supp. 796, 797 (E.D.Pa.1979) (dismissing defendants in Title VII action where plaintiff failed to include them in the EEOC complaint, for "holding plaintiff to this requirement is not mechanical or unthinking allegiance to legal hypertechnicalities; instead it is recognizing a basic element of the administrative remedy, furnishing notice to an alleged title VII offender and . . . providing an opportunity to conciliate").

Although the Authority's first argument falls into the former category, the second one aligns with the latter. See text accompanying n.14–19.

**14.** *See* 28 U.S.C. § 1446(a) in n.8. *Cf. Rainbow Trucking, Inc. v. Ennia Insurance Co.*, 88 F.R.D. 596 (E.D.Pa.1980), *Ruppert v. Lehigh County*,

496 F.Supp. 954 (E.D.Pa.1980) and *Beascoechea v. Sverdrup Parcel & Associates, Inc.*, 486 F.Supp. 169 (E.D.Pa.1980) (the standard under Fed.R.Civ.P. 8(a)).

**15.** *Commonwealth Land Title Insurance Co. v. Berks Title Insurance Co.*, 508 F.Supp. 921 (E.D.Pa.1981).

**16.** *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). *Cf. Braucher v. Buhler Brothers Engineering Works*, 505 F.Supp. 1124 (E.D.Pa.1980) and *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.1980) (plaintiff must establish jurisdiction from the allegations of the complaint).

**17.** *See* 28 U.S.C. § 1442(a)(1), which provides that

[a] civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

**18.** *Cf. Fleming v. Mack Trucks, Inc.*, 508 F.Supp. 917 (E.D.Pa.1981) and *Mazur v. Commonwealth of Pennsylvania*, 507 F.Supp. 3 (E.D.Pa.), *aff'd*, 649 F.2d 860 (3d Cir. 1980) (federal courts must confine their jurisdiction to the precise limits established by Congress and the Constitution) and *Carlsburg Resources Corp. v. Cambria Savings & Loan Association*, 554 F.2d 1254, 1256 (3d Cir. 1977) (without a "firm bedrock of jurisdiction" federal courts lack the power to adjudicate claims).

**19.** *See, for example, Cipriano v. Monarch Life Insurance Co.*, 138 F.Supp. 50, 52 (D.R.I.1956)

(in which the court considered premature a removal petition filed prior to the defendant's receipt of a copy of the complaint, for removability depended upon the "statement of the case as disclosed by the complaint").

Cases cited by the defendant can be distinguished on numerous grounds. *Ardison v. Villa*, 248 F.2d 226 (10th Cir. 1957) (summons not an "initial pleading" within the meaning of the federal removal statute where plaintiff alleged that defendant effected removal too late), *Munsey v. Testworth Laboratories, Inc.*, 227 F.2d 902 (6th Cir. 1955) (to the same effect), *Campbell v. Associated Press*, 223 F.Supp. 151 (E.D. Pa.1963) (a proposed draft of a later amended and filed complaint not a "copy of the initial pleading" as required by § 1446(b)), *Milton A. Jacobs, Inc. v. Manning Manufacturing Corp.*, 171 F.Supp. 393 (S.D.N.Y.1959) (warrant of attachment not an "initial pleading"), *Lummus Co. v. Commonwealth Oil Refining Co.*, 195 F.Supp. 47 (S.D.N.Y.1961) (letter from plaintiff not an "initial pleading").

See also *General State Authority v. Schreder*, 321 F.Supp. 28 (E.D.Pa.1970), in which this Court held that a Declaration of Taking constituted an "initial pleading".

Interestingly, some federal courts do not limit the inquiry to the complaint but consider as well "facts disclosed on the record as a whole in determining the propriety of removal". *Villareal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976). However, in the case at bar the conclusion would be the same with either analysis. See, for example, *Winters Government Security Corp. v. Nafi Employees Credit Union*, 449 F.Supp. 239 (S.D.Fla.1978).