Clarence CRAIG, et al.

v.

LAKE ASBESTOS OF QUEBEC, LTD., et al.

Civ. A. No. 82–321.

United States District Court, E. D. Pennsylvania.

March 22, 1982.

Accordingly, I will grant summary judgment in favor of the City.

Timothy C. Bolton, Hal C. Pitkow, Bolton & Pitkow, Philadelphia, Pa., for plaintiffs Clarence Craig and Duveen A. Craig.

Stephen S. Phillips, Patricia A. Carpenter, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant Lac d'Amiante du Quebec, Ltee., formerly known as Lake Asbestos of Quebec, Ltd.

Joel D. Gusky, Harvey, Pennington, Herting, & Renneisen, Ltd., Philadelphia, Pa., for defendant Carey Canada, Inc.

Robert St. Leger Goggin, Daniel J. Ryan, Jr., Patricia Baxter Small, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for defendants Johns-Manville Corp., Johns-Manville Amiante Canada, Inc. and Johns-Manville Sales Corp.

Anthony S. Minisi, Barry M. Klayman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant North American Asbestos Corp.

Robert J. Radano, Paoli, Pa., for defendant Continental Products Corp.

Andrew J. Trevelise, Edmund K. John, Malcolm & Riley, P. C., West Chester, Pa., for defendant The Celotex Corp.

John Patrick Kelley, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant Owens-Corning Fiberglas Corp.

James A. Young, Daniel J. Zucker, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendant Owens-Illinois Glass Co. (now known as Owens-Illinois, Inc.).

John J. O'Brien, O'Brien & O'Brien, Philadelphia, Pa., for defendant Aetna Casualty & Surety Co.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiffs move for remand of this case to state court, arguing that defendants filed their petition for removal after the expiration of the mandatory time limitation contained in the removal statute, 28 U.S.C. § 1446. The issue for decision is whether the praecipe for a writ of summons and the summons used in Pennsylvania procedure are, when served together, an initial pleading for purposes of the removal statute such that receipt of them would start the time for filing a removal petition to run.

Plaintiffs filed a praecipe for a writ of summons in the Court of Common Pleas of Philadelphia County on December 2, 1981, see Pa.R.Civ.P. 1007, and served the defendants by certified mail with copies of the praecipe and the summons. Lake Asbestos informs me that it received the praecipe and summons on December 9, 1981. On December 10, 1981, a rule was issued upon plaintiffs to file a complaint, see Pa.Civ.P. 1037(a). A complaint was filed on December 24, 1981, and served on defendants "on or about" January 6, 1982. All defendants joined in Lake Asbestos's petition for removal filed January 25, 1982, nineteen days after the defendants received the complaint, and 47 days after Lake Asbestos received the praecipe and summons.

Plaintiffs' sole argument for remand is that the petition for remand was not timely filed.[1] The relevant part of the removal statute is as follows:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant,

1. Lake Asbestos asserts, and plaintiffs do not appear to disagree, that apart from the issue of timeliness of the removal petition this court would have original jurisdiction in this case.

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

▮▮▮ I note that the late Chief Judge Clary, when considering whether a summons in trespass was an "initial pleading" under the statute concluded that it was not "since the Pennsylvania Rules of Civil Procedure, 1017 ... lists the pleadings allowed and motions and summonses are not listed." *Campbell v. Associated Press*, 223 F.Supp. 151, 153 (E.D.Pa.1963). Although the adoption by Chief Judge Clary of Pennsylvania's definition of a pleading is unexplained, it is clearly not unreasoned, and I reach the same conclusion.[2] I do so for two reasons. First, I do not believe that the language of section 1446 permits the conclusion that the combination of a praecipe and summons is a pleading. Second, even if some praecipes and summons resemble pleadings I will not adopt a rule as porous as the one suggested by plaintiffs: that each summons and praecipe in each case must be analyzed by the federal court for the adequacy of the notice given to defendants.

As Judge Troutman of this court noted, in the context of an allegedly premature removal, "[t]he statute seeks to provide defendant with notice of the claims against him before the time in which he must re-move the action. The requirement of an initial pleading exists to benefit the removing defendant, not the plaintiff or other parties." *Easton Area Joint Sewer Authority v. Bushkill-Lower Lehigh Joint Sewer Authority*, 517 F.Supp. 583, 585 (E.D.Pa. 1981). Quite clearly, a defendant must be able to ascertain easily the necessary facts to support his removal petition because his statutory right to remove is strictly limited by the time restriction of section 1446. *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699 (E.D.Pa.1979); *Typh, Inc. v. Typhoon Fence of Pa., Inc.*, 461 F.Supp. 994 (E.D.Pa.1978); *Sun Oil of Pa. v. Pennsylvania Department of Labor and Industry*, 365 F.Supp. 1403 (E.D.Pa.1973) (Time limitations, though waivable by plaintiff, are mandatory). "Defendants should not be required to 'guess' when a case becomes removable," and there should not be an inducement caused by plaintiff's inadequate pleading for a defendant to remove prematurely. *Gottlieb v. Firestone Steel Products Co.*, 524 F.Supp. 1137, 1140 (E.D.Pa.1981). These considerations are consistent with the plain language of the statute, which addresses first "the initial pleading" and then, disjunctively, the "summons ... if such initial pleading has then been filed in Court." 28 U.S.C. § 1446(b). Plaintiffs' argument suggests that I consider summons and an initial pleading as identical, which Congress clearly did not. Thus the language of the statute, and the purpose of Congress, as it has been inferred from that language by other judges, compel the conclusion that the praecipe and summons in trespass and assumpsit in this case were not an initial pleading under 28 U.S.C. § 1446(b).

Plaintiffs argue that this particular summons and praecipe identified the names and address of plaintiffs and defendants and the amount in controversy, which is in excess of $15,000.00, and that defendants who received this particular summons and praecipe had all the information necessary to

2. Of course, the definition of the word "pleading" and construction of section 1446 are a matter of federal law, and state statutes are not controlling. *Cowart Iron Works, Inc. v. Phillips Const. Co.*, 507 F.Supp. 740 (E.D.Pa.1981).

make a "short and plain statement of the facts which entitle him or them to removal." 28 U.S.C. § 1446(a). "Plaintiffs believe that the only question, consistent with the purpose of the statute, is: at what point in time defendant knew, or should have known in the exercise of reasonable diligence, that grounds for removal existed?" Plaintiffs' Supplemental Memorandum of Law in Support of Their Motion to Remand at 1–2. Plaintiffs rely in part on *Ardison v. Villa*, 248 F.2d 226 (10th Cir. 1957), which holds that a summons served without a complaint under the Colorado Rules of Civil Procedure is "not an initial pleading within the meaning of the federal removal statute." 248 F.2d at 227. Apparently plaintiffs' argument is that the summons in *Ardison*, because it revealed very little about the plaintiff's cause of action in that case, was inadequate, but that the logic of *Ardison* would compel a different result here. A close reading of *Ardison* reveals that the Tenth Circuit, like Chief Judge Clary in *Campbell*, looked to the state procedure for instruction, and found that under state law a writ is not a pleading. It further held that the purposes of the removal statute would not be served by treating the writ as an initial pleading, because the defendant was not put on notice as to the nature of the claim asserted against him. I cannot read into *Ardison* a converse logic: that a writ or summons that identified the cause of action asserted should be considered an initial pleading. The logic of the case does not extend that far.

■ Neither can I accept the notion that this is the kind of determination that should be made on a case-by-case basis. The statute was revised to include alternative provisions so that the removal procedure would conform to the varied practices and procedures of all the states. H.R.Rep.No. 352, 81st Cong., 1st Sess. (1949), U.S.Code Cong. Serv., p. 1248. (Specific reference to New York practice of permitting initiation of suit by summons before filing or service of complaint: amendment "corrects this situation" by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.) Plaintiffs' argument that defendants were on notice as of the date of their receipt of the summons and praecipe in this case contains within it the suggestion that each federal court considering a writ of summons and praecipe in a case removed from a Pennsylvania court must determine whether that particular defendant was fairly on notice of the nature of the claim against him as of that date. I cannot accept a rule that is such an invitation to wasteful litigation and that leaves defendants with such uncertainty as to the mandatory time restrictions. To the contrary, a hard and fast rule is required by sound policy and by recognition of Congress's intention to provide clear, unambiguous and certain deadlines. *See*, 1 J. Moore, Moore's Federal Practice ¶ 0.168[3.–5] at 1233 (2d ed. 1976). *But cf., International Equity Corp. v. Pepper and Tanner, Inc.*, 323 F.Supp. 1107, 1109 (E.D.Pa.1970) (Intent of Congress was to require earliest possible removal after receipt of notice of removability). Admittedly, plaintiffs are correct in their assertion that their praecipe and writ of summons are very informative. Indeed, they appear to exceed dramatically the requirements of the Pennsylvania Rules of Civil Procedure. Rule 1351 of the Pennsylvania Rules of Civil Procedure states

> The writ of summons in actions of assumpsit and trespass shall be directed to the defendant and shall be substantially in the following form:

Commonwealth of Pennsylvania
County of _____

[Caption]

To _____

You are hereby notified that _____
_(Name(s) of Plaintiff(s))_
the plaintiff(s), has, (have) commenced an action in _____ against you which you are required to
_Form of Action_
defend or a default judgment may be entered against you.

Date _____        _____
_(Name of Prothonotary (Clerk))_
By _____
_(Deputy)_

I have found no official form for a praecipe, but a commonly-used Pennsylvania form book suggests the following:

1 Standard Pennsylvania Practice § 22 (1960). *Accord* Philadelphia Court of Common Pleas Civil Practice Manual, PBI Publication No. 1982–179, Form 1 (1982).

By contrast, the praecipe and summons in this case reveal the names and addresses of plaintiffs and defendants, the forms of action, the fact that this is an asbestos case, and that the amount in controversy is in excess of $15,000.00. *See* Exhibits B(1) and B(2), Plaintiffs Memorandum of Law. Although it is not clear that the principal places of business of all of the defendants are ascertainable from the praecipe, *see* 28 U.S.C. § 1332(c), the praecipe might well have put defendants on notice that original federal jurisdiction existed. I decline, however, to make such an inquiry, whether the proposed standard is what defendants should have known or what defendants did know. I conclude that in Pennsylvania a praecipe and writ of summons are not usually similar to a pleading, and that they should not, as a rule, be considered the initial pleading in a case for purposes of the removal statute.[3] To do otherwise would be to leave defendants in an unnecessary quandary, and "would require defendants to resolve questions as to removability in favor of early, and perhaps unwarranted, removal." *Gottlieb*, 524 F.Supp. at 1137.

I am aware that the removal statutes are to be construed narrowly, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Bradley v. Maryland Casualty Company*, 382 F.2d 415 (8th Cir. 1967), and I think that the evolving law places a burden on defendants to be diligent and to remove promptly if the initial pleading suggests original federal jurisdiction. *See e.g. Kaneshiro v. North American Company for Life and Health*, 496 F.Supp. 452 (D.Hawaii 1980) (Duty on defendant to remove within 30 days unless initial pleading provides "no clue" that case is removable.) That duty arises, however, only when the initial pleading is received. The praecipe for writ of summons and the writ of summons commonly used in Pennsylvania are not pleadings, and receipt of them does not impose that duty.

Having decided that the thirty day period stated in 28 U.S.C. § 1446(b) began to run when defendants received the complaint, "on or about" January 6, 1982, the petition was timely filed on January 25, 1982. The motion to remand will be denied, and an appropriate order will be entered.

---

**3.** *DiMeglio v. Italia Crociere Internazionale*, 502 F.Supp. 316 (S.D.N.Y.1980) is not to the contrary. A summons under New York procedure now provides "defendants with as much information bearing on removability as will the complaint." *Id.* 318.