**Walter NERO and Shirley Nero**

v.

**AMTRAK.**

**Civ. A. No. 89–1603.**

United States District Court, E.D. Pennsylvania.

June 13, 1989.

Jack M. Bernard, Philadelphia, Pa., for plaintiffs.

Richard, Goerwitz, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiffs, Walter and Shirley Nero, filed their complaint on February 21, 1989, seeking damages for injuries Walter Nero allegedly sustained as a result of an altercation with Amtrak train officers. Plaintiffs allege that Amtrak officers arrested Nero

without probable cause, searched him in a violent and abusive manner, and beat him about his head, neck, body, arms and legs. Plaintiffs' Complaint, at ¶¶ 9, 15, and 19. Count II of the Complaint is pleaded under 42 U.S.C. § 1983; Counts III (Intentional Infliction of Emotional Distress), IV (Battery), and V (Loss of Consortium) are pleaded under Pennsylvania common law.

Plaintiffs commenced this action by filing a Praecipe for Writ of Summons in the Court of Common Pleas on May 18, 1987; plaintiffs served the summons on defendant Amtrak on May 28, 1987. Defendants removed this action pursuant to 28 U.S.C. § 1441 on March 3, 1989.[1] The removal petition alleges, *inter alia*, that there is diversity among the parties and that the National Railroad Passenger Corporation is "more than fifty percent (50%) owned by the Federal Government." Petition, at ¶¶ 5–7. The civil cover sheet completed by Amtrak states that diversity provides the basis for federal jurisdiction.

Plaintiffs now move to remand this action to the Court of Common Pleas for Philadelphia County on the ground that defendants' removal petition is untimely. In plaintiffs' view, the recent amendment to 28 U.S.C. § 1446(b), which precludes removal of a diversity-based suit more than one year after its commencement, renders Amtrak's petition untimely, since it was filed almost two years after suit was begun in the Court of Common Pleas.[2] Amtrak, on the other hand, maintains that its status as a federally chartered and federally owned corporation confers federal jurisdiction over this matter apart from the diversity of the parties. On that basis, Amtrak contends that section 1446(b)'s recently enacted one-year limitation on removal of diversity-based claims is inapplicable.

Amtrak's position is, on this point, persuasive. The amendment to section 1446(b) does not by its terms require a defendant to remove claims arising under federal law within one year of their filing in state court. It is well established that actions involving federally chartered and federally owned corporations arise under federal law within the meaning of 28 U.S.C. § 1331. *See, e.g., McManus v. Glassman's Wynnefield*, 710 F.Supp. 1043, 1044 (E.D.Pa.1989). Hence, Amtrak's removal petition is not barred by section 1446(b)'s amendment.[3]

The question remains, however, whether Amtrak's petition is nonetheless untimely because it was filed more than thirty days after Amtrak's receipt of the summons in this action. More particularly, the issue is whether such summons, when it permits the defendant to ascertain an action's removability, constitutes an "initial pleading"

1. Section 1441(a) provides:
   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

2. Section 1446(b) provides:
   The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

   If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.* (emphasis added to reflect the 1988 amendment to subdivision (b) pursuant to the Judicial Improvements and Access to Justice Act (Pub.L. 100–702)).

3. Plaintiffs suggest that Amtrak's failure to indicate federal question jurisdiction in its civil cover sheet estops Amtrak from now asserting that basis for federal jurisdiction. Such a position would be unreasonable given that Amtrak's Removal Petition alleges sufficient facts on which to base federal question jurisdiction.

within the meaning of section 1446(b) and thereby triggers the thirty day period for removal.

Judges in this district have taken differing views as to whether a summons constitutes an initial pleading under section 1446(b). *Compare Craig v. Lake Asbestos of Quebec*, 541 F.Supp. 182 (E.D.Pa.1982) (Pennsylvania praecipe for writ of summons and the summons itself do not constitute initial pleading) *with Moore v. City of Philadelphia*, Civil Action 88–1424, slip op., at 3, 1988 WL 50382 (E.D.Pa. May 16, 1988) (Pennsylvania summons triggers thirty-day period if its contents afford defendant "the opportunity to determine the action's removability"). In *Craig*, Judge Newcomer maintained that case-by-case review of Pennsylvania summonses to determine whether a "particular defendant was fairly on notice of the nature of the claim against him" would invite "wasteful litigation" leaving defendants with uncertainty as to the appropriate time for removal. 541 F.Supp. at 185. Accordingly, he favored a bright-line rule under which "[t]he praecipe for writ of summons and the writ of summons commonly used in Pennsylvania" would not be regarded as pleadings, and hence the receipt of them would not trigger the thirty-day removal period. *Id.* at 186. More recently, Judge Bechtle adopted the alternative approach; having determined that defendant had sufficient notice of the action's removability, Judge Bechtle remanded the action because defendant had not filed its petition within thirty days of its receipt of summons. *Moore*, slip op., at 3–4.

Although I recognize that the *Craig* rule is easier to administer than the *Moore* rule, the latter approach seems to me more consistent with the federal policy that "[f]ederal removal jurisdiction is to be strictly construed." *Universal Motors Group v. Wilkerson*, 674 F.Supp. 1108, 1110 (S.D.N.Y.1987) (New York summons is "'initial pleading' for purposes of 28 U.S.C. § 1446(b)") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Pennsylvania summonses will not in every case provide sufficient information to ascertain the removability of an action.[4] But that should not lessen a defendant's obligation to act promptly when it has sufficient notice of such removability. *Accord Universal Motors Group, supra; Brzozowski v. Gialanella*, Civil Action 89–944, slip op. (E.D.Pa. April 5, 1989) (detailed notice and summons constitute initial pleading thereby permitting removal); *see also* Annotation, *Commentary on 1988 Revision of 28 U.S.C. § 1446*, 28 U.S.C.A. §§ 1446 to 1650 (1989 Cumulative Annual Pocket Part) (suggesting that "it is not likely that [a praecipe of summons or notice such as the one used in New York] will trigger the 30–day period in a federal question case unless, despite its brevity, the notice happens to manifest the federal nature of the claim asserted").

In this case, defendant Amtrak was on notice of the action's removability upon its receipt of the summons. Whatever uncertainty as to removability may inhere in some form summonses, no such uncertainty surrounds a summons issued to Amtrak; as a federally chartered and federally owned corporation, Amtrak is on notice upon receipt of *any* summons that the action against it is removable. That result flows from the line of cases beginning with *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824) which have held that a suit involving a federally chartered, federally owned corporation arises under federal law "even if the federally-chartered corporation is joined with state corporate or individual defendants in an action that is otherwise non-federal in character." *McManus v. Glassman's Wynnefield*, 710 F.Supp. 1043, 1044 (E.D.Pa.1989).

Accordingly, Amtrak's petition, filed well beyond the thirty-day period established by section 1446(b), is untimely. Remand is thus the proper course, and is directed in the accompanying Order.

---

**4.** Pa.R.Civ.Proc. 1351 establishes the form of a writ of summons.