Edward **ZAWACKI** and **Geraldine McCambridge, Individually and as Administratrix of the Estate of Vivian Zawacki, Deceased, Plaintiffs,**

v.

**PENPAC, INC., Rainbow Carting, J.L.B. Leasing, Inc., and Densi R. Perez, Defendants.**

Civ. No. 90–0549.

United States District Court, M.D. Pennsylvania.

June 19, 1990.

1. Rule 1007. Commencement of Action

    An action may be commenced by filing with

Robert W. Munley, Scranton, Pa., for plaintiffs.

Cody H. Brooks, Kreder, O'Connell, Brooks & Hailstone, Scranton, Pa., for defendants.

MEMORANDUM

NEALON, District Judge.

Presently before the court is Defendant Penpac, Inc.'s (Penpac) "Motion for Reconsideration of Order Granting Plaintiff's 'Motion to Quash Notice of Removal and For Remand of Case to State Court,' " requesting this court to review its Memorandum and Order dated May 3, 1990. *See* document 10 of record. For the following reasons, the court will deny Penpac's motion for reconsideration and remand the case to the Court of Common Pleas of Lackawanna County, Commonwealth of Pennsylvania.

I. BACKGROUND

As this court noted in its previous Memorandum dated May 3, 1990, this case evolves out of a tragic set of facts involving a collision between a tractor-truck and a pick-up truck. Plaintiff, Edward Zawacki, the driver of the pick-up, was severely injured, and his wife, a passenger, sustained fatal injuries.

On February 8, 1990, plaintiffs commenced a suit against the above-named defendants in the Court of Common Pleas of Lackawanna County by filing a Praecipe for Issuance of a Summons and issuance thereof.[1] Documents 3 & 4 of record. On

the prothonotary

March 16, 1990, Penpac filed a Notice of Removal of the action from the Court of Common Pleas of Lackawanna County to the United States District Court for the Middle District of Pennsylvania, predicated upon this court's diversity jurisdiction. *See* document 1 of record; 28 U.S.C. § 1446 (hereinafter Section 1446); 28 U.S.C. § 1332. Plaintiffs countered with a "Motion to Quash the Notice of Removal and For Remand of the Case" to the Court of Common Pleas pursuant to 28 U.S.C. § 1447. *See* document 2 of record. After careful and thoughtful consideration of the briefs filed on both sides, this court issued a Memorandum and Order granting plaintiffs' motion to quash the Notice of Removal and ordered the case to be remanded to the state court. *See* document 8 of record.

Following this court's decision, Penpac filed a motion for reconsideration and a stay of remand. *See* document 10 of record. Both parties submitted their respective briefs and made a supplemental oral argument to this court on May 21, 1990. Consequently, the motion is now ripe for disposition.

## II. DISCUSSION

In its Memorandum and Order, this court directed the above-captioned case to be remanded, finding, *inter alia*, that the action was prematurely removed because the summons[2] in this instance did not constitute an "initial pleading" under Section 1446(b).[3] The court reasoned that: (1) "the summons, or otherwise, fails to state 'the claim for relief upon which such action or proceeding is based,'" document 8 of record at 7; (2) "the present record does not allow the court to determine *at this time* whether the requisite jurisdiction (sic) amount is present," noting that "all doubts as to jurisdiction are resolved in favor of remand," *id.* at 8 n. 3 (citations omitted); (3) as held in *Katz v. Aetna Casualty & Surety Co.*, Civil No. 89–2145, 1989 WL 46062 (E.D.Pa. April 25, 1989) (1989 U.S. Dist. LEXIS 4417), consideration of removal is permitted only after a complaint has been filed or served, *id.* at 7; and, (4) assuming, *arguendo*, that the summons did constitute an "initial pleading" under Section 1446(b), the court, sanctioned by 28 U.S.C. § 1447(e), would still be compelled to remand this case in the interest of justice once the Pennsylvania Department of Transportation and the City of Scranton were joined, especially "in light of the fact that the common practice by attorneys is to file a summons and subsequently conduct discovery to better determine the proper cause of action and the appropriate parties liable to plaintiff(s)...." *Id.* at 9 (footnote omitted).

Defendant Penpac contends that this court erred when it "characterized the instant action as having been 'prematurely removed', on the grounds that 'the present record does not allow the court to determine *at this time* whether the requisite jurisdiction (sic) amount is present.'" Document 10 of record at 1. It maintains that its Notice of Removal alleged both the existence of diversity and an amount in controversy in excess of $50,000, which was certified by Penpac's attorney in accord-

---

(1) a praecipe for a writ of summons,
(2) a complaint, or
(3) an agreement for an amicable action.
Pa.R.Civ.P. 1007.

**2.** The summons in this case substantially conformed to the form displayed in Pennsylvania Rule of Civil Procedure 1351:

Commonwealth of Pennsylvania
County of _____
(Caption)
To _____
You are hereby notified that _____
(Name(s) of Plaintiffs)
has (have) commenced an action against you.

Date ___ _____
(Name of Prothonotary or Clerk)
By _____
(Deputy)

**3.** Section 1446(b) states in pertinent part:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

ance with Rule 11 of the Federal Rules of Civil Procedure and left uncontested by plaintiffs. Document 12 of record at 3. It further claims that it was proper for the court to consider the Notice of Removal when determining the jurisdictional amount, and the court should at the very least have made a factual inquiry into the issue of whether the amount in controversy satisfied the jurisdictional amount. *Id.* at 3–4 (citations omitted).

Penpac's focus on the court's reliance upon the lack of the requisite jurisdictional amount is misplaced. The court ultimately held, although a clearer articulation should have been employed, that a summons does not constitute an "initial pleading" under Section 1446(b).[4] In its Memorandum, it recognized that courts have diverged in their approach to defining an "initial pleading." In *Nero v. Amtrak*, 714 F.Supp. 753, 755 (E.D.Pa.1989) and *Moore v. City of Philadelphia*, Civil No. 88–1424, 1988 WL 50382 (E.D.Pa. May 16, 1988), *appeal dismissed*, 865 F.2d 250 (3d Cir.1988), both district courts employed a case-by-case analysis to determine whether a summons would constitute an initial pleading under that provision. Conversely, in *Katz v. Aetna Casualty & Surety Co.*, Civil No. 89–2145 and *Craig v. Lake Asbestos of Quebec, Ltd.*, 541 F.Supp. 182, 184 (E.D.Pa. 1982), the courts adopted a bright-line rule stating that a writ of summons should not be considered the "initial pleading" in a case for purposes of the removal statute.[5]

This court also distinguished *Nero* and *Moore* in that both involved the district court's jurisdiction based upon a federal question under 28 U.S.C. § 1331 rather than diversity under 28 U.S.C. § 1332, as in this case. Further, the removability of each case was readily obvious. "In *Nero*, jurisdiction of the federal court was simply revealed through Amtrak's stature as a federally chartered and federally owned corporation; and in *Moore*, the Notice of Deposition, hand delivered to defendants on the same day of the issuance of the summons, directly disclosed to the defendants that a federal question was implicated." Document 8 of record at 6. Finally, "Section 1446(b) states that the notice of removal shall be filed 'after a copy of the initial pleading setting forth the claim for relief upon which such action is based.' In *Nero* and *Moore* there were documents expressly indicating the cause of action to be one pursuant to federal law, unlike this case where the summons, or otherwise, fails to state 'the claim for relief upon which such action or proceeding is based.'" *Id.* at 6–7.

The court explicitly embraces the *Katz* and *Craig* analysis and, in so doing, holds that a writ of summons does not constitute an "initial pleading" for the purposes of removing a case to federal court.

Penpac contends that such a holding would be fallacious. It avers:

\* \* \* \* \* \*

9. Pennsylvania Rules of Civil Procedure, Rule 1021(b) states as follows:

> Any pleading demanding relief for unliquidated damages shall without claiming any specific sum set forth only whether the amount is or is not in excess of $10,000.

10. If the reasoning of this Honorable Court were to be accepted—that a summons is not an "initial pleading" where satisfaction of the jurisdictional amount is not evident from its face—a Pennsylvania complaint could never constitute an initial pleading" (sic) since under Pennsylvania law, a Complaint for unliquidated damages cannot state that the amount of Plaintiff's claim will satisfy the $50,000 jurisdictional amount.

---

4. In holding that "the summons in these circumstances does not suffice as an 'initial pleading' under Section 1446," it was not meant to confine the analysis to the jurisdictional amount. The basic finding was that a complaint and not a summons constitutes the "initial pleading."

5. In *Katz*, the court reasoned that "[u]nder Pennsylvania's Rule of Civil Procedure 1017, as well as Federal Rules of Civil Procedure 7, the initial pleading is the complaint, not the summons." Civil No. 89–2145, slip op. at 3 n. 1; *Accord Craig*, 541 F.Supp. at 184 (quoting *Campbell v. Associated Press*, 223 F.Supp. 151, 153 (E.D.Pa.1963) (concluded that summons in trespass was not an "initial pleading," since Pennsylvania Rule of Civil Procedure 1017 does not list summons as a pleading).

11. Since acceptance of the Court's reasoning would result in the elimination of an "initial pleading" in Pennsylvania, and thereby render removal by defendants within 30 days of an initial pleading virtually impossible, this Honorable Court should reconsider its Order of May 3, 1990.

Document 10 of record at 2–3. At oral argument, Penpac, through its counsel, reiterated this contention alleging that if the court was disinclined to consider a writ of summons as an "initial pleading" when the court's diversity jurisdiction is implicated, then the defendants would be forever precluded from removing such a case because, under Pennsylvania law, the complaint would never state whether the jurisdictional amount has been attained. Moreover, he noted to this court, that such a ruling would contradict the underlying policy that the "initial pleading" requirement exists for the benefit of the removing defendant(s). *See also* document 12 of record at 5 (citing *Craig*, 541 F.Supp. at 184) (emphasis in original) ("To pretend that a determination as to whether the Plaintiff's claims exceed $50,000 can only be made upon the filing of a complaint is to therefore engage in a charade, one which becomes even more ludicrous when it is remembered that *the 'initial pleading' requirement exists solely for the benefit of the removing defendant*, and not for the benefit of the plaintiff or other parties").

The court is not persuaded by Penpac's arguments. First, the facts set forth in the state complaint, in conjunction with or apart from the relief sought and the cause of action stated therein, may allow the defendant to reasonably ascertain whether the requisite amount in controversy exists.

Second, if the complaint is not crafted in such a way that permits the defendant to discern whether the jurisdictional amount is attained, then he may utilize the second paragraph of Section 1446(b) which reads:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, *through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis supplied). Consequently, if the original complaint fails to adequately state a case upon which removability can be determined, this provision affords the defendant an opportunity to acquire the information establishing the jurisdiction of the federal court and, ultimately, the removability of the case, through various devices such as depositions. *See Riggs v. Continental Baking Co.*, 678 F.Supp. 236, 238 (N.D.Cal.1988) (Deposition of employee, based upon employee's wrongful termination under collective bargaining agreement, was "other paper" under removal statute, where original pleading of suit did not allege that plaintiff was member of collective bargaining unit, and deposition later received so stated); *Smith v. Int'l Harvester Co.*, 621 F.Supp. 1005, 1007 (D.Nev.1985) (Answers to interrogatories or questions put at depositions may constitute "other paper" under 28 U.S.C. § 1446(b) necessary to give notice that an action has become removable); *Brooks v. Solomon Co.*, 542 F.Supp. 1229, 1230 (N.D.Ala.1982) (citations omitted) ("Several courts have held that discovery depositions taken under state law constitute an 'other paper' within the meaning of that term as it is used in 28 U.S.C. § 1446(b)"); Siegel, D., *Commentary on 1988 Revision*, foll. 28 U.S.C.A. § 1446 (West Supp.1990) ("The ['other paper'] that reveals the phoniness of the nondiverse defendant's joinder may be, e.g., the deposition of some nonparty witness."); *See also Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 33 (3d Cir.1985).[6]

---

**6.** Conceivably, plaintiffs could file their complaint after one year has elapsed from the time they have commenced their action, which would effectively preclude defendants from removing it based upon this court's diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C.

As to Penpac's argument that the court must be cognizant of the underlying policy of the "initial pleading" provision—namely, that "the 'initial pleading' requirement exists solely for the benefit of the removing defendant, and not for the benefit of the plaintiff or other parties," document 12 of record at 5 (citing *Craig*, 541 F.Supp. at 184), the court finds it intriguing that Penpac cited in support of its position, a case which utilizes this proposition to promote a bright-line test finding a writ of summons to not constitute an "initial pleading" under Section 1446(b). *See Craig*, 541 F.Supp. at 184 (quoting *Easton Area Joint Sewer Auth. v. Bushkill–Lower Lehigh Joint Sewer Auth.*, 517 F.Supp. 583, 585 (E.D.Pa. 1981). This court, indeed, concurs with Judge Newcomer's reasoning in *Craig* when he states,

> Quite clearly, a defendant must be able to ascertain easily the necessary facts to support his removal petition because his statutory right to remove is strictly limited by the time restriction of section 1446. (Citations omitted). "Defendants should not be required to 'guess' when a case becomes removable," and there should not be an inducement caused by plaintiff's inadequate pleading for a defendant to remove prematurely. *Gottlieb v. Firestone Steel Products Co.*, 524 F.Supp. 1137, 1140 (E.D.Pa.1981).

541 F.Supp. at 184. It is far more beneficial for defendants to know with certainty that they are not obligated to petition for removal until at least a complaint has been filed in state court, rather than to be required to "guess" in each case whether the summons together with any surrounding information provides them sufficient notice to trigger the thirty day provision of Section 1446 and to permit them to remove the case to federal court.[7]

For all the foregoing reasons, this court will deny Penpac's motion for reconsideration.

---

§ 1446(b) ( ... "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action"). Defendants, however, do have recourse under Pennsylvania procedure to compel plaintiffs to file their complaint. They have the ability to file a praecipe and secure a rule against the plaintiffs for the filing of the complaint. *See Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 141, 208 A.2d 252 (1965); *Fox v. Thompson*, 377 Pa.Super. 39, 546 A.2d 1146, 1147 (1988); *Keller v. LaBarre*, 225 Pa.Super. 504, 507, 311 A.2d 683 (1973).

7. Penpac made two additional arguments regarding the court's final basis for remanding the case. Asserting that a federal court does not have the authority to remand the case based upon plaintiffs' mere intention to join additional parties, it maintained that this court was erroneous in its order when it stated that in the "interest of justice," it would remand this case under 28 U.S.C. § 1447(e), once the Pennsylvania Department of Transportation and the City of Scranton were added as parties. Document 12 of record at 6; *see* document 8 of record at 8–9. Moreover, they aver that plaintiffs had filed a "Motion to Amend Summons to add Commonwealth of Pennsylvania/Department of Transportation and the City of Scranton as Defendants and for leave to file an Original Complaint ...," and that it was prejudiced by not having the opportunity to respond to that motion before this court issued its order remanding this case. While the court questions whether plaintiffs can even amend a state summons in a federal court, this issue is irrelevant in light of the court's reasoning set forth in this Memorandum.