**Leon GERVEL and Joellen Gervel, h/w, Plaintiffs,**

v.

**L & J TALENT, Star Five Corp., L & J Press Corp., Press Parts Inc., M.G. Mathias, Rob Mathias, and Margaret G. Mathias, Defendants.**

Civ. A. No. 92–5651.

United States District Court, E.D. Pennsylvania.

Oct. 22, 1992.

John E. Salmon, La Brum and Doak, Philadelphia, Pa., for plaintiffs.

Robert A. Klein, Rawle & Henderson, Philadelphia, Pa., for defendants.

## MEMORANDUM

TROUTMAN, Senior District Judge.

Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County by filing a Writ of Summons as permitted by Pennsylvania Rule of Civil Procedure 1007. Within Defendant Press Parts, Inc., purported to remove the Writ of Summons pursuant to 28 U.S.C. § 1446. Since we have an obligation to satisfy ourselves of our jurisdiction, we now address, *sua sponte*, the issue whether a Writ of Summons is an initial pleading subject to removal under 28 U.S.C. § 1446(c) and over which a federal district court has jurisdiction. We conclude that a Writ of Summons is not subject to removal.

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . .

It is clear that, at a minimum, there must have been an "initial pleading setting forth the claim for relief" received by the defendant before a defendant may invoke this provision.

The Writ of Summons here involved does not amount to any such initial pleading. The Writ of Summons simply indicates the court involved, the parties to the action, and states "You are notified that the Plaintiff[s] Leon Gervel and Joellen Gervel has (have) commenced an action against you", and is signed by the Prothonotary. (*See* Exh. "A" to Defendant's Notice of Removal). Defendant's Notice of Removal admits that since no complaint has been filed, defendant "is without knowledge of the factual allegations on which plaintiffs base their claims in this matter." (Notice of Removal ¶ 4).

The editorial notes to 28 U.S.C.A. § 1446 (Federal Civil Judicial Procedure and Rules, West 1991 Revised Ed.), discussing the 1949 amendments to this subsection (b), state:

> Subsection (b) of section 1446 of title 28, U.S.C., as revised, has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.

The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until [3]0 days after the defendant has received a copy of plaintiff's initial pleading.[1]

This is consistent with Fed.R.Civ.P. 3 which provides that an action is commenced, in federal court, by the filing of a complaint, and with Rule 81(c).[2] If a party were allowed to remove a Writ of Summons, we would be allowing the creation of a form of action that does not exist under the Federal Rules. There being no federal "limbo" equivalent to Pennsylvania Rule 1007, we, and the parties, would be left with no procedural mechanism, such as Pennsylvania Rule 1037, to address the Writ of Summons which would then be doomed to linger until, eventually, the parties decide to move the Writ of Summons to some other, perhaps equally nebulous, procedural plane. We must, instead, allow the Federal Rules to control the fate of actions before us, not the parties.

The Federal Rules and the removal statute, presuppose that an initial pleading setting forth a claim for relief has been filed. The Notice of Removal itself discloses that only a Writ of Summons was filed but not an initial pleading.[3] Without such an initial pleading, the removal of a Writ of Summons alone is premature since we cannot have subject matter jurisdiction.[4] *Cf. Easton Area Joint Sewer Authority v. Bushkill–Lower Lehigh Joint Sewer Authority*, 517 F.Supp. 583 (E.D.Pa.1981) (requiring federal defendant to await service of "initial pleading" to establish jurisdiction). 28 U.S.C. § 1447(c) provides in such an instance, we are to remand the action: "If at any time ... it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Although the defendant herein has claimed that the Writ of Summons and state court record discloses our jurisdiction, in this case, diversity jurisdiction, such is not disclosed on an "initial pleading".[5]

We agree with analogous cases [6] holding that a bright line rule on this matter serves all competing interests best. *See Craig v. Lake Asbestos of Quebec, Ltd.*, 541 F.Supp. 182 (E.D.Pa.1982) (rejecting a summons by summons inquiry into the sufficiency of information contained therein to determine the time of removability and jurisdiction).

1. Since, on the surface, the later portion of the first paragraph of subsection (b) could be thought to apply to this action, we briefly note why it does not apply. The later part of subsection (b) provides:

   or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant....

   The editorial commentary explains that:

   This provision, however, without more, would create further difficulty in those States, such as Kentucky, where suit is commenced by the filing of the plaintiff's initial pleading and the issuance and service of a summons without any requirement that a copy of the pleading be served upon or otherwise furnished to the defendant. Accordingly the first paragraph of the amendment provides that in such cases the petition for removal shall be filed within [3]0 days after the service of the summons.

   In this instance as well, there must be an initial pleading which sets forth a claim for relief. Thus, this part does not apply since (1) the Pennsylvania Rule is different and (2) there was no initial pleading filed in the Court of Common Pleas.

2. We here note that defendant's removal of the Writ of Summons creates problems under Rule 81(c) since it cannot answer a complaint not yet in existence within the time frame provided in Rule 81.

3. We here note that defendants need not wait indefinitely to have their fates addressed since Pennsylvania Rule of Civil Procedure 1037 provides a mechanism by which defendants may secure an Order directing the plaintiff to file an initial pleading.

4. Without an initial pleading setting forth a claim for relief, we cannot find in the Writ of Summons a case or controversy sufficient to satisfy the requirements of Article III of the Constitution and statutes and rules establishing our jurisdiction.

5. Defendant cites to the state court docket sheet as indicating that the amount in controversy is over $50,000 although we cannot find such information on the Writ of Summons.

6. These cases addressed the issue of the timeliness of removal and whether the thirty day period for removal begins with the service of a Writ of Summons or the later filed, in state court, complaint.

In *Rowe v. Marder,* 750 F.Supp. 718 (W.D.Pa.1990) *aff'd,* 935 F.2d 1282 (3rd Cir. 1991), the court rejected the summons by summons approach, adopted the reasoning expressed in *Craig,* and held that it is best to look only to the pleading to determine removability rather than matters outside the pleadings to determine what the defendants knew. *Cf. Mitchell v. Joseph's Supermarkets, Inc.,* 712 F.Supp. 59, 64 (W.D.Pa.1989) (although addressing whether the Writ of Summons tolls the statute of limitations for federal purposes, the court found that dismissal is not appropriate when "the case is so far underway that, ... no more process is required", *i.e.,* a complaint).

We thus conclude that a Writ of Summons of the quality and character as currently employed under Pennsylvania procedures, even if the Writ of Summons and state court docket sheet indicate that diversity jurisdiction may ultimately exist, is not an "initial pleading setting forth a claim for relief" subject to removal.