986 F.2d 48
 Constance B. FOSTER, Insurance Commissioner of the
Commonwealth of Pennsylvania, as Rehabilitator of
the Mutual Fire, Marine & Inland Insurance Company
v.
The MUTUAL FIRE, MARINE & INLAND INSURANCE COMPANY
Harris Trust and Savings Bank, Appellant.
 No. 92-1062.
 United States Court of Appeals,
Third Circuit.
 Argued July 16, 1992.
Decided Feb. 19, 1993.
 
 James M. Breen (argued), Chapman & Cutler, Chicago, IL, for appellant.
 Ralph A. Jacobs (argued), Joseph A. Eagan, Jr., Hoyle, Morris & Kerr, Philadelphia, PA, for appellee.
 Before: SCIRICA, ROTH and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 Under 28 U.S.C. § 1441, a state court civil action over which a federal district court has original jurisdiction is normally removable to the appropriate federal district court in that state. Under 28 U.S.C. § 1446(b), a defendant has thirty days from the time the defendant receives the initial pleadings notifying it of federal jurisdiction to file a Notice of Removal in the district court.[1] On this appeal, we are asked to consider what constitutes sufficient notice to trigger the running of the thirty-day period.
 
 
 2
 The issue of timeliness was raised before the district court by the appellee in response to appellant's Notice of Removal. The district court declined to decide the issue of timeliness, but instead ordered that the case be remanded to state court pursuant to the doctrines of abstention and comity. Appellant now challenges the decision of the district court, and appellee once again raises the issue of timeliness of the Notice of Removal.
 
 
 3
 We hold that when a writ of summons, a praecipe, or of course a complaint provides adequate notice to defendant of federal jurisdiction, the thirty-day period is triggered. Pursuant to that standard we conclude that in this case the Notice of Removal was timely even though it was filed more than a year after the praecipe for the writ of summons. However, while finding the Notice was timely, we affirm the decision of the district court to remand the case to state court, abstaining from the exercise of federal jurisdiction.
 
 I.
 
 4
 Appellant, Harris Trust and Savings Bank (Harris), is an Illinois banking corporation with its principal place of business in Illinois. Mutual Fire, Marine and Inland Insurance Company (Mutual Fire) is an insurance company which is incorporated in Pennsylvania. After Mutual Fire encountered financial difficulties, its activities were restricted by the Pennsylvania Insurance Commissioner under an Order of Supervision. Appellee, Constance Foster (Foster), is the Insurance Commissioner of the Commonwealth of Pennsylvania. Foster was designated the Rehabilitator for Mutual Fire pursuant to an Order of Rehabilitation dated December 8, 1986. The rehabilitation is regulated under 40 Pa.Cons.Stat.Ann. §§ 221.1-221.63.
 
 
 5
 Litigation between Harris and Foster arose out of a dispute over the nature of corporate money market accounts Harris handled for Mutual Fire. Harris was the beneficiary of a surety bond issued by Mutual Fire, and when Mutual Fire defaulted on Harris's demand for payment of the bond. Harris set off the money market accounts in partial satisfaction of its unpaid claim.
 
 
 6
 Litigation between the parties commenced on August 31, 1988, when Foster caused to be filed in the Commonwealth Court of Pennsylvania a praecipe for writ of summons and obtained issuance of a writ of summons against Harris. On October 27, 1989 the Rehabilitator filed a praecipe to reissue the summons. On January 15, 1991, the complaint was filed, and on January 16, 1991 was served on Harris. On February 14, 1991, based on diversity of citizenship, Harris filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. On March 8, 1991, Foster filed a motion for remand. She asserted that Harris's failure to file a timely Notice of Removal under § 1446(b) and the doctrines of abstention required an order to remand the case to state court.
 
 
 7
 On December 30, 1991, the district court for the Eastern District of Pennsylvania remanded the action to the Commonwealth Court. It found that abstention of federal court jurisdiction was warranted under the principles of abstention as set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), as well as principles of comity. After concluding that it lacked jurisdiction under the abstention doctrines, the district court did not address the timeliness issue. Harris appeals the district court's order, and Foster, in her reply brief, in addition to defending the district court's abstention, reiterates her claim that Harris's Notice of Removal was not timely. She asserts:
 
 
 8
 Harris Bank did not attempt to remove this action to federal court until more than two years after its receipt of the summons which commenced this action and gave Harris Bank notice of the basis for removal. This Court should affirm the district court's decision to remand the case because Harris Bank did not file its Notice of Removal within the 30-day time limit prescribed by 28 U.S.C. § 1446(b).
 
 
 9
 The United States Supreme Court and this circuit have determined which types of orders to remand are reviewable by appellate courts. Orders to remand based on defects in removal procedure, see 28 U.S.C. § 1447(c), are not reviewable pursuant to 28 U.S.C. § 1447(d).[2] However, § 1447(d) is not dispositive as to remand orders not based on § 1447(c). See Thermtron Products Inc. v. Hermansdorfer, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) (§ 1447(d) bars review of remand orders issued pursuant to § 1447(c)); Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1210 (3d Cir.1991), cert. denied Chesapeake Ins. Co. v. Foster, --- U.S. ----, 112 S.Ct. 302, 116 L.Ed.2d 245; Black & Decker (U.S.) Inc. v. Brown, 817 F.2d 13, 14 (3d Cir.1987). Thus, orders of remand based on failure to file a timely Notice of Removal are not reviewable by appellate courts. Due to this lack of appellate jurisdiction, there is a paucity of circuit cases addressing the question as to what constitutes an initial pleading under § 1446(b).
 
 
 10
 Unfortunately, the instant suit is representative of litigation generated in our circuit due to the uncertainty of timeliness under § 1446(b). Although, as we have previously stated, we are affirming the district court's order remanding the case to state court pursuant to the doctrines of abstention and comity, we will take this opportunity to resolve the question as to when the time period in § 1446(b) is triggered.[3]
 
 II.
 28 U.S.C. § 1446(b) provides:
 
 11
 § 1446. Procedure for Removal
 
 
 12
 . . . . .
 
 
 13
 (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
 
 
 14
 If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
 
 
 15
 Foster claims that the thirty-day time period provided by § 1446(b) was triggered in this case by the receipt by Harris of the summons served on November 8, 1989. Foster argues that this summons gave Harris sufficient notice of federal jurisdiction and that Harris should have filed its Notice of Removal in federal court within thirty days of November 8, 1989. Foster argues in addition that subsequent discussion between the parties served as notice to Harris of the federal nature of the action. Foster claims that because Harris waited until February 14, 1991, over a year after the receipt of the summons, its Notice of Removal should have been time-barred.
 
 
 16
 Harris responds that its Notice was timely because the prescriptions of § 1446(b) were not relevant until the complaint was filed on January 16, 1991. Harris maintains that the "initial pleadings" described in § 1446(b) refers only to complaints and not summonses or writs of praecipe.
 
 
 17
 As previously mentioned, due to the unreviewability of orders to remand, appellate court rulings have been infrequent on the issue of precisely what constitutes an "initial pleading," triggering the thirty-day period for defendants to file a petition for removal. There has been widespread disagreement among federal district courts as to what documents will trigger 1446(b). These courts have defined the trigger point in two opposite ways, supporting both Harris's and Foster's claims.
 
 
 18
 In our own circuit, some district courts have focused their attention on the knowledge of the defendants, adopting an expansive reading of how and what documents might start the thirty-day period. Nero v. Amtrak, 714 F.Supp. 753 (E.D.Pa.1989); Presidential Dev. & Inv. Corp. v. Travelers Ins. Cos., 1989 WL 147616, 1989 U.S.Dist. LEXIS 14499 (E.D.Pa. Dec. 5, 1989); Moore v. City of Philadelphia, 1988 WL 50382, 1988 U.S.Dist. LEXIS 4339 (E.D.Pa. May 16, 1988), appeal dismissed, 865 F.2d 251 (3d Cir.1988). In attempting to adhere to Congress' purpose of creating only a limited right of removal in defendants, these decisions find that the thirty-day period begins to run when the defendant learns the case is removable. Thus, the judicial inquiry is directed away from defining which court documents are "initial pleadings" and into the defendant's knowledge.
 
 
 19
 In the first of what we would call "subjective inquiry" cases, Moore v. City of Philadelphia, plaintiffs served defendants with a summons. The same day a motion for leave to take oral deposition was hand-delivered to defendant's counsel. Presented with the question as to whether § 1446(b) required plaintiffs to serve a complaint in order to start the thirty-day period, the court said: "Plaintiff's notice of deposition and the subsequent correspondence between plaintiff's counsel and defense counsel evidence that defendant knew of the incident and the theories and specific causes of action plaintiff intended to pursue." Moore v. City of Philadelphia, 1988 WL 50382, * 2, 1988 U.S.Dist. LEXIS 4339, at * 4 (E.D.Pa. May 16, 1988). The court thus held that 1446(b) had been triggered.
 
 
 20
 Nero v. Amtrak, where federal jurisdiction arose because of diversity, was based on this same subjective standard of inquiry and reasoned that where Amtrak was the defendant, a summons alone was sufficient to trigger the thirty-day time period. The court noted that as a federal corporation, Amtrak is on perpetual notice as to the existence of diversity in claims brought against it. Therefore, it furthered the congressional intent of narrowing removal jurisdiction to find that Amtrak would be on notice after receiving a summons advising it of pending litigation. Nero v. Amtrak, 714 F.Supp. 753, 755 (E.D.Pa.1989).
 
 
 21
 Finally, in Presidential Development & Investment Corporation v. Travelers Insurance Co., a case most nearly similar to the one before us, plaintiffs claimed that where a summons identified the plaintiff's place of business as Philadelphia and where the defendant was a citizen of Connecticut, the defendant was placed on notice by the summons that diversity jurisdiction existed.[4] Agreeing and citing Moore, the court said, "Based on the factual circumstances of this case, the defendants had sufficient information upon receipt of the summons to determine federal jurisdiction by diversity, and the defendants had the burden to timely file for removal based on that information." Presidential Dev. & Inv. Corp. v. Travelers Ins. Co., 1989 WL 147616, at * 2, 1989 U.S.Dist. LEXIS 14499, at * 5 (E.D.Pa. Dec. 5, 1989).
 
 
 22
 In contrast to these "subjective inquiry" cases, other district courts in our circuit have interpreted § 1446(b) more narrowly and literally, holding that a praecipe and writ of summons can never together constitute an initial pleading. Miles v. Pepsi-Cola Metropolitan Bottling Co., 1992 WL 30549, at * 1, 1992 U.S.Dist. LEXIS 1831, at * 1 (E.D.Pa. Feb. 11, 1992); Zawacki v. Penpac, Inc., 745 F.Supp. 1044, 1046 (M.D.Pa.1990); Katz v. Aetna Casualty & Sur. Co., 1989 WL 46062, * 1, 1989 U.S.Dist. LEXIS 4417, at * 2 (E.D.Pa. Apr. 25, 1989); Craig v. Lake Asbestos of Quebec, Ltd., 541 F.Supp. 182, 185 (E.D.Pa.1982); see also Campbell v. Associated Press, 223 F.Supp. 151, 153 (E.D.Pa.1963) (in dicta states writs of summons and discovery papers are not pleadings per Pennsylvania Rules of Civil Procedure; goes on to hold that a draft of a complaint served on defendant will not constitute an initial pleading).
 
 
 23
 Craig v. Lake Asbestos of Quebec, Ltd. rejected the subjective standard articulated by Moore and its progeny. In Craig, the summons in question did contain the names and addresses of plaintiffs and defendants and the amount in controversy, technically providing defendant with knowledge of diversity jurisdiction. This would have satisfied the Moore subjective inquiry test. However, the Craig court noted that the additional information is not required by Pennsylvania procedure. The Craig court stressed that the standard Pennsylvania form for summons and praecipe does not reveal names and addresses of plaintiffs and defendants, forms of action, or type of case.[5] The Craig court therefore reasoned that to adopt the subjective standard would be to make the defendant's actual knowledge of removability the core of judicial inquiry. Such a standard would involve the court in examination of individual summonses to see "whether that particular defendant was fairly on notice of the nature of the claim against him as of that date." Craig, 541 F.Supp. at 185.
 
 
 24
 In contrast to Moore and Nero, Craig decided that drawing a bright line that praecipe and writs of summons can never constitute an initial pleading will better foster the congressional goal of limiting removal jurisdiction: "[A] defendant must be able to ascertain easily the necessary facts to support his removal petition because his statutory right to remove is strictly limited by the time restriction of section 1446." Craig, 541 F.Supp. at 184 (citation omitted). Zawacki v. Penpac, Miles v. Pepsi-Cola Bottling, and Katz v. Aetna Casualty & Surety all support the Craig bright-line test. Miles, 1992 WL 30549 at * 1, 1992 U.S.Dist. LEXIS at * 1; Zawacki, 745 F.Supp. at 1048; Katz, 1989 WL 46062 at * 1, 1989 U.S.Dist. LEXIS at * 2.
 
 III.
 
 25
 In at least one very important respect, the Craig court was right: the lack of a clear rule has invited tremendous litigation. In essence, defendants cannot win by following either line of cases. On the one hand, if defendants wait until the receipt of a complaint, they risk a federal court finding they had actual knowledge of removability or diversity prior to receiving the complaint, thus rendering their notice time barred. On the other hand, if defendants rely on what they actually know and remove prior to receiving a complaint or other formal court document, they risk plaintiffs' filing a motion to quash removal as premature. Thus, defendants have at best a Hobson's choice. Similarly, the courts run the risk of becoming bogged down in having to make an unnecessary but intricate analysis as to what was the nature of the defendant's knowledge when it is alleged that the Notice of Removal was tardy.
 
 
 26
 In the face of the polar views of the Moore and Craig decisions, the district court for the Western District of Pennsylvania attempted recently to carve out a middle ground that would ensure prompt removal and yet not involve courts in arduous inquiries into defendants' state of mind.
 
 
 27
 In Rowe v. Marder, 750 F.Supp. 718 (W.D.Pa.1990), aff'd, 935 F.2d 1282 (3d Cir.1991), the court confronted the same set of facts as in the previous cases discussed: the issuance of a summons, the service of a complaint, and the filing of a Notice for Removal raising the question which of the documents constituted the "initial pleading." Moreover, in Rowe, as on the appeal before us, the plaintiff argued that correspondence accompanying the summons should, together with the summons, constitute sufficient notice of diversity jurisdiction as to trigger the thirty-day limit.
 
 
 28
 The Rowe court rejected both the Craig bright-line test and the Moore subjective inquiry approach. First, the court limited the scope of its inquiry to court-related documents, thus excluding correspondence. Next, the court directed its focus to what the relevant documents said rather than the state of mind of the parties. The court reasoned: "This court, having rejected any subjective evaluation, need not inquire of extraneous documents. The inquiry begins and ends within the four corners of the pleading. The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." Rowe, 750 F.Supp. at 721 (citations omitted). The Rowe court found the summons served upon the defendant was too "bare" to satisfy § 1446(b); thus the receipt of the complaint gave notice of removability and the defendant's removal petition was timely.
 
 
 29
 The opinion in Rowe provides thoughtful criticism of and insight into both the Craig and Moore lines of decisions. Of Craig it says that drawing such a bright-line test that a praecipe and writ of summons can never trigger the limitation is "flatly contrary to the Congressional intent to require the earliest possible removal" of cases to federal court. Rowe, 750 F.Supp. at 720. Where court documents clearly provide notice to defendants of removability, they should do so, rather than protracting the litigation.
 
 
 30
 On the other hand, it comments that Moore would require courts to delve into the content of potentially large amounts of correspondence to perform subjective evaluation of defendant's knowledge. "This court believes ... that, by the terms of the statute, the issue is not what the defendant knew, but what the relevant document said.... [The] statute focuses on what the document 'set[ ] forth' rather than on what a defendant actually learned from its receipt." Rowe, 750 F.Supp. at 721 (citations omitted). The Moore rule in application invites precisely the level of uncertainty, and thus the volume of inquiry and litigation, of which Craig warned. Rowe, 750 F.Supp. at 722.
 
 
 31
 We find the view expressed in Rowe to be insightful and practical. It is supported by district court holdings in Nedzwecky v. Playtex, Inc., 1991 WL 7306, 1991 U.S.Dist. LEXIS 697 (E.D.Pa. Jan. 22, 1991), and Flamer v. Trump's Castle Assocs., 1989 WL 41404, 1989 U.S.Dist. LEXIS 4212 (E.D.Pa. Apr. 21, 1989). In both cases, the judges confined their analysis to the information provided by the praecipe and writ of summons. In neither case did they find sufficient information provided to trigger § 1446(b), but they do not hold that these documents may never serve notice of removability. Nedzwecky, 1991 WL 7306, at * 2, 1991 U.S.Dist. LEXIS, at * 4; Flamer, 1989 WL 41404, at * 1, 1989 U.S.Dist. LEXIS, at * 3.
 
 
 32
 Thus, the relevant test is not what the defendants purportedly knew, but what these documents said.[6] We also explicitly adopt the rationale of the Rowe court that "at a minimum, anything considered a pleading must be something of the type filed with a court." Rowe, 750 F.Supp. at 721 n. 1. We hold that § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction as noted above.
 
 
 33
 We will affirm the decision of the district court.
 
 
 
 [1]
 The statute is quoted infra, p. 50
 
 
 [2]
 Section 1447(c) provides: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)."
 
 
 [3]
 Pursuant to Thermtron, the appeal of this order to remand which based on the abstention doctrines is reviewable
 
 
 [4]
 The opinion notes that another document, the Sworn Statement of Proof of Loss, showed that the amount for which plaintiff was suing exceeded that required for diversity jurisdiction. Presidential, 1989 WL 147616 at * 2, 1989 U.S.Dist. LEXIS at * 5
 
 
 [5]
 In contrast to Pennsylvania procedure, in New York state, the civil practice law and rules were amended in 1978 to require that a summons served without a complaint "shall contain or have attached thereto a notice stating the nature of the action and the relief sought." Act of July 24, 1978, ch. 528, 1978 N.Y.Laws 936 (McKinney's) (codified at Civil Practice Law and Rules 305(b)). Thus, New York courts have held that because all of the information provided in a pleading as to the nature of the case is now required upon service of the summons, "[A] New York summons will now provide defendants with as much information bearing on removability as will the complaint. We therefore hold that a summons and notice served pursuant to New York CPLR 305(b), as amended, is an initial pleading for the purpose of the federal removal statute." DiMeglio v. Italia Crociere Internazionale, 502 F.Supp. 316, 318 (S.D.N.Y.1980)
 
 
 [6]
 We recognize that in cases in which federal jurisdiction arises due to diversity, the defendant may be given notice of removability prior to being able to ascertain the nature of the case. While parties may indeed wish to know the subject matter of the suit before making a decision as to whether to remove it, they may resolve this by filing a motion to compel filing of the complaint