**CLEAR LAKE LUMBER, INC., Plaintiff,**

v.

**LUMBER MUTUAL INSURANCE COMPANY, Defendant.**

No. CA 98–178E.

United States District Court, W.D. Pennsylvania.

Dec. 22, 1998.

John F. Mizner, MacDonald Illig Jones & Britton, LLP, Erie, PA, for plaintiff.

Maureen C. Middleman, DiBella & Geer, Pittsburgh, PA, for defendant.

## MEMORANDUM ORDER

COHILL, Senior District Judge.

Presently before the Court are Clear Lake Lumber, Inc.'s ("Clear Lake") Motion for Remand (Doc. # 3) and Clear Lake's Motion to Strike Letter Dated May 20, 1998 From Notice of Removal and Exhibit A From Defendant's Reply to Motion for Remand (Doc. # 5).

Also before the Court are Lumber Mutual Insurance Company's ("Lumber Mutual") Objections to Plaintiff's Discovery Requests Pursuant to Rules 33(a) and 34 (Doc. # 2).

For the reasons set forth below, we will grant Clear Lake's Motion Remand and dismiss as moot its Motion to Strike Letter Dated May 20, 1998 From Notice of Removal and Exhibit A From Defendant's Reply to Motion for Remand. We will also deny Lumber Mutual's Objections to Plaintiff's Discovery Request Pursuant to Rules 33(a) and 34 on the basis of lack of jurisdiction.

### I. *Background*

This is an action arising from a fire loss to Plaintiff Clear Lake's sawmill building on July 4, 1997. Lumber Mutual, the Defendant, had allegedly issued a property insurance contract on the sawmill, with the effective dates November 1, 1996 through November 1, 1997, and denied Clear Lake's insurance claim in part.

The procedural history of this action is not in dispute. On May 27, 1998 a Praecipe For Writ of Summons was filed on behalf of Clear Lake in the Court of Common Pleas of Crawford County, Pennsylvania at Civil Action No. AD 1998–663. The Writ of Summons was also issued on that date, and Lumber Mutual was served with a copy of the Writ on or about June 2, 1998. Defendant was also served with Plaintiff's First Set of Interrogatories and First Request for Production of Documents at that time. Since then, Defendant has also been served with Plaintiff's Second Request for Production of Documents. No Complaint has been filed.

On or about June 8, 1998, Defendant filed a Notice of Removal with this Court at the above-captioned action. In its Notice of Removal, Defendant represented that it was a corporation with its headquarters in Massachusetts, that Plaintiff was a corporation with its headquarters in Pennsylvania, and that the amount in controversy exceeded $75,000 exclusive of interest and costs. Defendant thus claimed federal jurisdiction by reason of diversity of citizenship. 28 U.S.C. § 1332. In support of its representations, Lumber Mutual attached a "demand letter" from Plaintiff's attorneys to its attorneys, dated May 20, 1998, along with copies of the Praecipe, Writ of Summons, and discovery requests. The address or principal place of business of Lumber Mutual is not indicated in the May 20 letter. Clear Lake then filed its Motion for Remand on June 30, 1998. Lumber Mutual filed a response, attaching a letter from Plaintiff's attorneys to Defendant

at a Massachusetts address and dated April 21, 1998. In its reply, Defendant indicates that the April 21 letter was also attached to "Defendant's Notice of Remand" but the record only includes the May 20 letter with the Notice of Removal. Defendant relies on these letters for the purpose of establishing diversity jurisdiction in this Court. Plaintiff subsequently filed a Motion to Strike both letters.

## II. *Discussion*

### A. *Legal Authority for Removal*

The removability of actions from state to federal court is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1446(b) further provides, in relevant part:

> . The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant whichever period is shorter.

### B. *Basis for Removal in this Action*

■ Plaintiff argues that removal of this action is premature because an initial pleading setting forth a basis for federal jurisdiction has not been filed. Here, only a Praecipe and Writ of Summons have been filed; neither of these provide adequate notice of federal jurisdiction. More specifically, Plaintiff argues that neither the Praecipe nor Writ of Summons establish diversity jurisdiction. *See* Motion for Remand at 4. This is presumably because neither the Praecipe nor the Writ of Summons allege the principal place of business, or state of incorporation, of the Plaintiff and Defendant. Also, neither of them sets forth the amount in controversy. They simply state the names of the parties, and provide notice that a civil action has been filed against the Defendant.

In response, Defendant argues that the April 21, 1998 letter attached to its Reply to Plaintiff's Motion for Remand establishes diversity of citizenship and that the amount in controversy exceeds $75,000. It argues that "it is clear that this case will be removed.....and there is no reason, nor justification in the law, to prevent removal at this time." *See* Reply to Plaintiff's Motion for Remand at 2.

Both parties rely upon *Rowe v. Marder*, 750 F.Supp. 718 (W.D.Pa.1990), *aff'd.* 935 F.2d 1282 (3d Cir.1991), and *Foster v. Mutual Fire, Marine and Inland Ins., Co.*, 986 F.2d 48 (3d Cir.1993) as support for their positions. In *Rowe*, the issue was when the 30 day period for filing for removal was triggered, *i.e.*, by filing of a complaint or filing of a summons. Rejecting a subjective approach to what the defendant actually knew, the court stated that the critical inquiry "begins and ends with the four corners of the pleading." *Id.* at 721. A court must ask whether a document of the type filed with a court "informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Id.* In that case, the court found that the summons, even though it was accompanied by correspondence that arguably gave notice of jurisdiction, did not meet this test. Thus, the court held that the 30 day period was triggered by the complaint, not the summons, and that the notice of removal was timely filed.

In *Foster*, the Court of Appeals for the Third Circuit "explicitly adopted the rationale of the *Rowe* court that 'at a minimum, anything considered a pleading must be something of the type filed with a court.'" *Foster*, 986 F.2d at 54, quoting *Rowe*, 750 F.Supp. at 721 n. 1. Applying this approach, the *Foster* court then held that defendants must file notices of removal "within thirty days after receiving a writ of summons, prae-

cipe, or complaint *which in themselves provide adequate notice of federal jurisdiction..* " (emphasis added). *Foster*, 986 F.2d at 54.

■ Based upon the above, we find that Defendant's reliance upon correspondence sent prior to the filing of the action in state court is misplaced. Although the specific issues in *Rowe* and *Foster* dealt with the timeliness of the notices of removal, the mandate of those courts was clear. A court is not to engage in a subjective inquiry into the defendant's state of mind. The other cases cited by Defendant, *National Media Corp. v. Digiovanna*, 1994 WL 268260 (E.D.Pa.1994), and *Schnable v. Drexel University*, 1995 WL 412415 (E.D.Pa.1995), do not convince us otherwise. We do not find the reasoning of the court in *National Media Corp* to be persuasive. Furthermore, *Schnable* involved an unfiled draft of a complaint, and thus met the requirement of *Foster* that the document giving notice of federal jurisdiction be of "of the type filed with the court." *Foster*, 986 F.2d at 54.

■ In summary, a federal court should not use pre-filing attorney correspondence to establish jurisdiction for removal purposes. Such correspondence may more accurately reflect posturing by attorneys rather than the claims alleged and money damages sought in the subsequently filed action.

Furthermore, if Lumber Mutual believes that Clear Lake is unreasonably delaying this case, it may file a praecipe under Pa. R.Civ.Proc. 1037(a) to require Plaintiff to file a complaint. After that it should not be difficult to ascertain whether or not diversity jurisdiction exists in this Court.

AND NOW, to-wit, this 2nd day of December, 1998, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Remand (Doc. # 3) is GRANTED, Plaintiff's Motion to Strike Letter Dated May 20, 1998 From Notice of Removal and Exhibit A From Defendant's Reply to Motion for Remand (Doc. # 5) is DISMISSED as moot, and Defendant's Objections to Plaintiff's Discovery Request Pursuant to Rules

33(a) and 34 (Doc. # 2) are DENIED on the basis of lack of jurisdiction.