**Richard A. SPRAGUE, Plaintiff,**

v.

**AMERICAN BAR ASSOCIATION,
ABA Journal and Terry P.
Carter, Defendants.**

No. CIV.A. 01–382.

United States District Court,
E.D. Pennsylvania.

April 3, 2001.

James E. Beasley, Barbara R. Axelrod, Beasley, Casey and Erbstein, Philadelphia, PA, for plaintiff.

Joyce S. Meyers, David H. Marion, Montgomery, McCracken, Walker & Rhoads, David F. Abernethy, Drinker, Biddle & Reath LLP, Philadelphia, PA, for defendants.

## *MEMORANDUM AND ORDER*

YOHN, District Judge.

On October 2, 2000, Richard Sprague ["plaintiff"] initiated this libel action against the American Bar Association ["ABA"], the ABA Journal, and Terry P. Carter ["defendants"] in the Court of Common Pleas, Philadelphia County, Pennsylvania. Defendant Carter was served with a copy of the writ of summons and a civil cover sheet on October 6, 2000. The remaining two defendants were served with a copy of the writ of summons and a civil cover sheet on October 12, 2000. The writ of summons identified the names and addresses of both plaintiff and defendants. The civil cover sheet indicated that the case type was "libel/slander" and that the amount in controversy was more than $50,000. On January 11, 2001, plaintiff filed the instant complaint. The date defendants were served with that complaint is not evident from the record. Nonetheless, it is evident that on January 24, 2001, thirteen days after the filing of plaintiff's complaint, defendants removed plaintiff's action to this court. On February 12, 2001, plaintiff moved for remand alleging that defendants' removal was untimely because it was filed more than thirty days after defendants received adequate notice of federal jurisdiction. Because I find that defendants' removal was timely, plaintiff's motion to remand will be denied.

## DISCUSSION

As to timeliness, the procedure for removal is outlined in 28 U.S.C. § 1446(b). That statute provides in pertinent part:

> The notice of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Plaintiff's sole contention is procedural—that defendants' removal was improper because defendants were served with the writ of summons in October 2000, three months before defendants removed the action to federal court. Defendants counter that the Supreme Court's recent decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), requires the court to hold that a writ of summons cannot trigger the running of the thirty-day time period for removal. Alternatively, defendants argue that because the writ of summons did not provide sufficient notice of federal diversity jurisdiction, the removal period did not begin to run until service of the complaint.

In *Murphy Brothers*, the Supreme Court addressed "a closely-related, yet different question:

> whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the 30–day period start earlier, on the named defendant's receipt, before service of process of a 'courtesy copy' of the filed complaint faxed by counsel for the plaintiff?"

*Davidson v. Nat'l R.R. Passenger Corp.*, No. Civ. A. 00–1226, 2000 WL 795881, at *2 n. 2 (E.D.Pa. June 9, 2000) (citing *Murphy Brothers*, 526 U.S. at 347, 119 S.Ct. 1322). The Court held that the thirty-day removal period does not commence by "mere receipt of the complaint unattended by any formal service." *Murphy Brothers*, 526 U.S. at 348, 119 S.Ct. 1322.

■ Defendants argue that this holding requires the court to find that their removal period did not begin to run until formal service of the complaint. I conclude, however, that defendants read the Supreme Court's holding too expansively. First, the issue in *Murphy Brothers* concerned whether receipt of a "courtesy copy" of a complaint, as opposed to official service, sufficed to commence the removal period. The Court held that official service was required. In the instant case, defendants did receive formal service of the writ of summons. Moreover, *Murphy Brothers* concerned Alabama civil procedure which does not allow for a writ of summons to commence an action, as does Pennsylvania procedure. Accordingly, the portion of the Supreme Court's holding applicable to this case is that official service of the initial pleading is required to trigger the thirty-day period. Because not faced with the question, the Court did not hold that the "initial pleading" necessarily must be the complaint. Therefore, the law of this circuit in place before *Murphy Brothers* will serve to guide the instant inquiry. *See, e.g., Davidson*, 2000 WL 795881, at *2 n. 2 (distinguishing *Murphy Brothers* ); *Steff v. Township of Salisbury*, No. Civ. A. 99–2931, 1999 WL 761134, *1 (E.D.Pa. Sept.21, 1999) (finding that *Murphy Brothers* did not overrule Third Circuit precedent concerning when removal period begins); *but see Whitaker v. Fresno Telsat Inc.*, No. 99 Civ. 6059(SAS), 1999 WL 767432, at *1–2 (S.D.N.Y. Sept.28, 1999) (holding that *Murphy Brothers* requires

that removal period is triggered only by proper service of complaint and not by service of Summons with Notice); *Quinones v. Minority Bus Line Corp.*, No. 98–Civ. 7167(WHP), 1999 WL 225540, at *2 (S.D.N.Y. April 19, 1999) (same).

The Third Circuit has addressed the issue of when the thirty-day period provided for by § 1446(b) begins. *See Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir.1993). In *Foster*, the plaintiff argued that "correspondence accompanying the summons should, together with the summons, constitute sufficient notice of [federal] jurisdiction as to trigger the thirty-day limit." *Id.* at 53. The correspondence at issue constituted correspondence between counsel that had been served on the defendant along with the summons. *See id.* at 53.

■ The Third Circuit first concluded that "the relevant test is not what the defendant purportedly knew, but what the[ ] documents said." *Id.* at 54. The *Foster* court then adopted the rationale of the district court in *Rowe v. Marder*, 750 F.Supp. 718, 721 n. 1 (W.D.Pa.1990), *aff'd*, 935 F.2d 1282 (3d Cir.1991), which concluded that "at a minimum, anything considered a pleading must be something of the type filed with a court." *Foster*, 986 F.2d at 54. Finally, the Third Circuit held as follows: " § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction[.]" *Id.* at 54.

■ In this case, defendants were served with a writ of summons and a civil cover sheet. Although the precise language in the *Foster* holding leaves open the question whether courts should consider a civil cover sheet as part of the initial pleading, this court has held that a civil

cover sheet is clearly "something of the type filed with a court." *See, e.g., Scerati v. Lewellyn Mfg.*, Inc., No. Civ. A. 69–3628, 1996 WL 334376, at *2–3 (E.D.Pa. June 18, 1996); *see also, e.g., Mangano v. Halina*, No. Civ. A. 97–1678, 1997 WL 697952, at *2–3 (E.D.Pa. Nov.3, 1997) (holding same). Accordingly, the inquiry, limited to the four corners of the pleading, is "whether the documents inform the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Foster*, 986 F.2d at 53 (citation omitted). In other words, do the writ and civil cover sheet alert defendants that (1) plaintiff and defendants are citizens of different states, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(2) (West 1997). Because the writ and cover sheet do not sufficiently inform defendants of the presence of these two jurisdictional prerequisites, I find that the removal period did not begin to run upon service thereof.

■ First, the writ contains nothing more than the names of the parties and their respective addresses. Jurisdiction pursuant to § 1332(a)(2), however, requires that the *citizenship* of the parties, and not merely their residences or addresses, be of different states. *See Krasnov v. Dinan*, 465 F.2d 1298 (3d Cir.1972); *Icipa S.R.L. v. Learjet, Inc.*, No. Civ. A. 97–2725, 1997 WL 400024, at *1 (E.D.Pa. July 10, 1997) (requiring express allegation of citizenship and not mere address) (citations omitted); *Sepulveda v. General Motors Corp.*, No. Civ. A. 96–8299, 1997 WL 22409, at *2 (E.D.Pa. Jan.21, 1997) (finding that complaint, and not summons, established diversity of citizenship where the summons merely set forth the parties' addresses). For purposes of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled. *See, e.g., Juvelis ex re. Juvelis v. Snider*, 68 F.3d

648, 654 (3d Cir.1995). Moreover, domicile is not always the same as residence, and a person may reside in one place, but be domiciled elsewhere. *See, e.g., Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989); *Juvelis*, 68 F.3d at 651 n. 3 (" '[T]he domicile of a person is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. Domicile ... is more than an individual's residence, although the two typically coincide.' ")(citing 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed.1984)). A corporation, on the other hand, "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). The writ provides no information about the state of incorporation or the principal place of business of the corporate defendant. Therefore, because the writ merely states the addresses of the parties, it does not allege fully the citizenship of all parties and defendants were not put on notice that diversity jurisdiction existed.

Second, the civil cover sheet indicated only that the amount in controversy was more than $50,000. The question becomes whether more than $50,000 is sufficient to meet the $75,000 federal jurisdictional threshold. Plaintiff argues that because other recent Pennsylvania libel actions were worth well more than $75,000, defendants should have known that the value of this case likewise exceeded that amount. *Foster*, however, instructs that the "relevant test is not what the defendant purportedly knew, but what the[ ] documents said." *Foster*, 986 F.2d at 54. As such, the value of other Pennsylvania libel actions is irrelevant to this inquiry. Plaintiff also contends that the court is permitted to

make an independent valuation of plaintiff's claim. Plaintiff's cited cases, however, do not support a finding that valuing a case at more than $50,000 in a civil cover sheet is sufficient to notify defendants of federal jurisdiction. For example, in *Angus v. Shiley Inc.*, 989 F.2d 142 (3d Cir. 1993), the Third Circuit found that where a complaint asserted a claim for compensatory damages in excess of $20,000 and a punitive damage claim in excess of $20,000, the $50,000 federal jurisdictional minimum was met. 989 F.2d at 146.[1] The court stated that "[g]iven that the complaint does not limit its request for damages to a precise monetary amount, the district court properly made an independent appraisal of the value of the claim...." *Id.* The instant case, however, differs from *Angus* because the court there had not just a mere cover sheet, but an actual complaint complete with factual allegations, to assist it in valuing plaintiff's claim. Moreover, it is less of a stretch to conclude that two claims demanding more than $40,000 in compensatory and punitive damages are sufficient to allege a $50,000 value, than it would be to conclude that a stated value of more than $50,000 in damages alleges adequately at least a $75,000 claim. Accordingly, I find that the civil cover sheet was insufficient to notify defendants that original federal jurisdiction existed. *See Mangano*, 1997 WL 697952, at * 5 (finding that plaintiff's statement in the complaint that damages were in excess of $50,000 was insufficient to establish damages in excess of $75,000 for purposes of diversity jurisdiction).

Therefore, because the writ of summons and civil cover sheet did not put defendants on notice that the case was removable, this pleading did not constitute an "initial pleading" for purposes of § 1446(b). Moreover, because defendants removed this case within thirty days of service of the complaint, I conclude that defendants' notice of removal was timely. Consequently, plaintiff's motion to remand this action to state court will be denied.

### ORDER

AND NOW, this day of April, 2001, upon consideration of plaintiff's motion to remand to state court and supporting memoranda (Doc. Nos.4, 10), and defendants' response thereto (Doc. No. 7), IT IS HEREBY ORDERED that plaintiff's motion to remand is DENIED.

---

1. The *Angus* case was decided in 1993. Effective January 17, 1997, the jurisdictional amount was raised to $75,000. *See* 28 U.S.C. § 1332(a) (West 1997).