**PENNCO MACHINE, INC., Plaintiff,**

v.

**TORNOS TECHNOLOGIES U.S. CORP., Defendant.**

**No. CIV.A. 01–1419.**

United States District Court, E.D. Pennsylvania.

April 18, 2001.

Walter A. Tilley, III, Stetler & Gribbin, York, PA, for plaintiff.

Matthew H. Haverstick, Barley, Snyder, Senft & Cohen, Lancaster, PA, William M. Krulak, Jr., Miles and Stockbridge, Baltimore, MD, Robert S. Brennan, Miles & Stockbridge, Baltimore, MD, for defendant.

## MEMORANDUM

PADOVA, District Judge.

This is an action for fraud and breach of contract brought in the Court of Common Pleas of Lancaster County, Pennsylvania. Defendant filed a Petition for Removal on March 26, 2001, on the basis of diversity jurisdiction. Plaintiff filed a Motion for Remand on April 3, 2001. For the reasons stated below, the Court denies Plaintiff's Motion.

Plaintiff seeks remand on the grounds that: (1) "This Court does not have diversity jurisdiction over this matter until it can be determined that Petitioner's damages exceed the jurisdictional amount" (Pl. Mot. ¶ 6); and (2) Defendant's notice of removal was "untimely because Defendant had knowledge of the diversity of the parties at the time the Writ of Summons was served." (Pl.Mot. ¶ 7.)

### A. Amount in Controversy

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a) (West 1994). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States...." 28 U.S.C.A. § 1332(a) (West 1993 & Supp.2000).

The Court has original jurisdiction of this action because the requirements of diversity jurisdiction are satisfied on the face of the Complaint. Plaintiff alleges that it is a Pennsylvania corporation with its principal place of business in Pennsylvania, and that Defendant is a Connecticut corporation with its principal place of business in Connecticut. (Complaint attached to Petition as Exhibit A ("Compl.") ¶¶ 1, 2.) Paragraphs 7, 8, 9, 19, 23, 26, 27, 33 and 38 of the Complaint establish that the amount in controversy exceeds the jurisdictional minimum. Paragraph 7 alleges that "within the protection period, [nonparty] Tyco ordered a substantial number of DECO 2000 machines from [Defendant] for which [Plaintiff] is entitled to a commission of twelve percent (12%) of the purchase price" and that "the purchase price for the machines was approximately $200,000.00 for each machine." Paragraph 8 alleges, inter alia, that Defendant "has changed its position several times regarding the number of machines that were actually sold within the protection period, first alleging there were four machines to which [Plaintiff] was entitled to commission, and later alleging that the number was only two machines." Paragraph 9 alleges that "in fact the number of machines actually ordered by Tyco/Amp are [sic] approximately ten times the number that were represented by [Defendant]." The Complaint therefore alleges that Plaintiff is entitled to ten times two commissions of $24,000 (12 percent of $200,000), or $480,000. Paragraphs 19, 23, 26, 27, 33 and 38 allege that Plaintiff has not been paid commissions due. Therefore, the amount in controversy exceeds $75,000.

Because the amount in controversy and the citizenship of the parties satisfy the requirements of diversity jurisdiction, this action is susceptible to the Court's removal jurisdiction.

### B. Timeliness of the Petition for Removal

■ The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C.A. § 1446(b) (West 1994). This provision of the statute governing removal procedure "requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction...." *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir.1993). Plaintiff, citing *Foster*, argues that "[w]hen Defendant was served with the Writ of Summons, it had knowledge of the diversity of the parties." (Pl. Mem. at 6.) Plaintiff further argues that, because Defendant filed its notice of removal more than thirty days after receiving service of the Writ of Summons on October 19, 2000, the Petition is untimely. (Pl. Mem. at 6.) Defendant, also citing *Foster*, responds that "the thirty day period is triggered only upon receipt of the first pleading to inform the reader of all elements necessary for federal jurisdiction." (Def. Mem. at 4.) Defendant argues that the Praecipe and Writ of Summons "gave no notice that [Plaintiff] was claiming damages in excess of the $75,000 required for removal under 28 U.S.C. § 1332." (Def. Mem. at 4.) Defendant argues that on March 15, 2001, the day the Complaint was filed, Defendant "received the first document setting forth allegations that indicted [sic] removal was appropriate." (Def. Mem. at 4.) Therefore, Defendant argues, its Notice of Removal, filed on March 22, 2001 [1], was timely filed. Defendant is correct. The Writ of Summons did not provide Defendant notice that the amount in controversy exceeded the threshold for diversity jurisdiction; therefore, the Writ of Summons did not provide adequate notice of federal jurisdiction. When Defendant received the Complaint on March 15, 2001, Defendant received notice that the requirements for diversity jurisdiction were present: diverse citizenship of the parties and an amount in controversy exceeding the jurisdictional minimum. Thereafter, Defendant timely filed the Petition for Removal on March 26, 2001.

### Conclusion

Having determined that the amount in controversy satisfies the requirement for diversity jurisdiction, and that Defendant timely filed its Petition for Removal, the Court concludes that it may exercise jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and 1332(a). Accordingly, Plaintiff's Motion is denied. An appropriate Order follows.

### ORDER

AND NOW, this day of April, 2001, upon consideration of Plaintiff's Motion for

---

**1.** Defendant's Memorandum states that Defendant filed its "Notice of Removal" on March 22, 2001. (Def. Mem. at 4.) Defendant filed a Petition for Removal in this Court on March 26, 2001. The difference is immaterial because March 26, 2001, is within thirty days of Defendant's receipt of the Complaint on March 15, 2001.

Remand (Doc. No. 5) and Defendant's response thereto, **IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED.**