Richard POWERS and Mary
Kay Powers, Plaintiffs,

v.

FMC CORPORATION, Defendant.

No. CIV. A. 99–2005.

United States District Court,
E.D. Pennsylvania.

May 1, 2001.

James J. Mc Hugh, Jr., Beasley, Casey, Colleran, Erbstein, Thistle & Kline, Philadelphia, PA, Plaintiffs.

Mark J. Dianno, Rawle and Henderson, Peter W. Baker, Philadelphia, PA, for Defendant.

## MEMORANDUM/ORDER

POLLAK, District Judge.

Presently before the court is a motion by plaintiffs to remand the case to the Philadelphia Court of Common Pleas, the court in which they originally brought this action. They argue that the defendant

failed to timely file its notice of removal. Plaintiffs initiated the present action by filing a Praecipe to Issue Writ of Summons on January 28, 1999 in the Court of Common Pleas for Philadelphia County. Plaintiffs filed their complaint on April 1, 1999. On April 21, 1999, twenty days after the filing of the complaint—but fifty-three days after the initiation of the action—defendant filed a Notice of Removal. Plaintiffs argue that defendant was required to file such notice within thirty days of the initiation of the action, while defendant contends that the thirty-day window available for such filing opened with the defendants' receipt of the complaint. Because I find that the removal occurred at an appropriate time—within thirty days of the receipt by defendant of the complaint in this action—I will deny plaintiffs' motion to remand.

Removal of cases from state to federal court is governed by 28 U.S.C. § 1446, which provides, in pertinent part.

> "(b) the notice of removal of a civil action or proceeding shall be filed within thirty day after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."

Thus, § 1446 requires the filing of notice to remove within thirty days of the receipt of a relevant filing from which it can be ascertained that the case is removable. The present dispute turns on the question of when, if ever, such a document was received by the defendant, thereby alerting it to the fact that the case was removable. For if the case was removable at the time of the original filing, then defendant's removal was clearly outside of the thirty-day time limit for such a filing. If, on the other hand, neither the original filing nor the filing of the complaint revealed the case to be removable, then defendant would not be able to show the removability of the case at any time. Only if the defendant's filing of the notice of removal was within thirty days of the date on which removability could first be ascertained was removal timely. Now, the most important determinant of removability is whether federal jurisdiction is available. Thus, for present purposes, only if (1) the initial pleading was inadequate to establish federal jurisdiction, *and* (2) the complaint was sufficient for that purpose, will defendant be able to show that removal was timely.

The standards for determining the point at which § 1446's thirty-day window begins to run were established by the Third Circuit in *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48 (1993). The court there adopted a test with two important components. First, the court rejected a subjective test that would focus on when defendants became aware that each of the elements necessary for federal jurisdiction were met. Instead, courts are to confine their inquiry to "the four corners" of a relevant document, determining "whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Id.* at 53. The second component of the *Foster* inquiry concerns the determination of which documents are eligible for such analysis. Any such document "must be something of the type filed with a court." *Id.* at 54. Both of the documents here at issue—the initial filing and the complaint—are clearly eligible documents.

Thus, resolution of the present dispute turns on which of these two documents, if either, "informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present."

Defendant removed this case on the basis of diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. The diversity of citizenship requirement is not in dispute. Each of the relevant documents lists the address of plaintiffs, so defendant was clearly on notice that diversity of citizenship obtained. The focus of the present dispute is when the defendant was sufficiently notified that the amount in controversy requirement had been met. Defendant argues that the initial filing was inadequate to inform it that requirement was met, whereas the complaint was sufficient. Plaintiffs contend, against this, that the complaint provided no more information than the writ of summons. Accordingly, they argue that defendant was on notice at the earlier date, or alternatively, that removability has never been established. In either case, the notice of removal, contend the plaintiffs, was not timely filed.

■ My analysis of the documents in question leads me to the conclusion that defendant is correct that the thirty-day removal window opened upon defendant's receipt of the complaint: the writ of summons puts the reader on notice only that the amount in controversy is greater than $50,000, whereas the complaint puts the reader on notice that the amount in controversy is greater than $100,000, which is, of course, sufficient to satisfy the $75,000 amount required by § 1332.

Plaintiffs initiated this action by filing a Praecipe to Issue Writ of Summons. The initial filing provides only very general information intended to put the defendant on notice that an action of a certain kind has been brought by the plaintiffs. There is only one indicator of the amount in controversy contained in the documents filed at that time. One of the forms filed with the praecipe required the plaintiffs to indicate whether the amount in controversy was greater then $50,000. The plaintiffs did so indicate, but there is nothing that would indicate how much more than $50,000 the plaintiffs expected to be seeking. Thus, the document informs the reader of little more than that this is a product liability action valued at greater then $50,000. Clearly, this is inadequate to establish, to a substantial degree of specificity, that the amount in controversy is greater than $75,000.

The complaint, on the other hand, does provide the required notice. The complaint lists four separate counts—three involving plaintiff Richard Powers and one involving plaintiff Mary Kay Powers—each with a prayer for relief that includes "compensatory damages in excess of $50,000." Additionally, each includes a request for punitive damages and attorneys fees. (Complaint, ¶¶ 44, 51, 56, 61).

■ Defendant asserts that it follows that "the 'four corners' of the Complaint, if read in the aggregate, demand in excess of $200,000 against the defendant." (Response of Defendant, at 3). Plaintiffs respond that the separate prayers for relief cannot be so aggregated. The separate prayers for relief are included, they argue, only because the Pennsylvania Rules of Civil Procedure require them to do so. Presumably, it is plaintiffs' view that the separate counts are different bases for recovery on the same underlying injury. Thus, aggregation is inappropriate.

With respect to the first three counts, plaintiffs are correct that the aggregation

on which defendant relies is inappropriate. These three counts assert three different theories—negligence, strict liability, and breach of warranty—for the same set of injuries allegedly suffered by Richard Powers. Thus, these three counts are incapable of establishing with any certainty damages greater than $50,000. The fourth count, however, is distinct. It claims that Mary Kay Powers, not Richard Powers, is entitled to compensatory damages in excess of $50,000 for loss of consortium. Thus the injuries alleged in the fourth count—a count derivative from and dependent on the first three counts, but nonetheless different in kind and in person—are distinct from the injuries alleged in the first three counts. Accordingly, aggregation is appropriate with respect that count. It follows that the complaint puts the reader on notice that at least $100,000 is in controversy.

In sum, plaintiffs' initial filings did not adequately inform defendant that the amount in controversy requirement of § 1332 federal diversity jurisdiction had been met. Thus, defendant was not required to remove the case within thirty days after receiving that document. Plaintiffs' complaint, on the other hand, does provide such notice. Because defendant removed the case within thirty days of receiving that document, defendant's removal was timely.

Accordingly, plaintiffs' motion to remand the above-captioned case to the Philadelphia Court of Common Pleas is DENIED.