NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-2334 & 24-2833
_____

CYNTHIA L. POLLICK,
                                        Appellant in No. 24-2334
                    v.

MATTHEW M. HAAR; SAUL EWING LLP

_____

In re:  CYNTHIA L. POLLICK, Esq.,
                                        Appellant in No. 24-2833
_____

On Appeal from the United States District Court for the Middle District of Pennsylvania
District Judge: Honorable Matthew W. Brann in D.C. No. 1:24-cv-00259
District Judges: Honorable Christopher C. Conner, Honorable Yvette Kane,
Honorable Jennifer P. Wilson in D.C. No. 1:21-mc-00154

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2025

Before: RESTREPO, McKEE, and RENDELL, *Circuit Judges*

(Opinion filed: February 3, 2026)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Cynthia Lynn Pollick appeals her one-year suspension from the practice of law in the United States District Court for the Middle District of Pennsylvania, pursuant to its Local Rule 83.24.4.

During the course of the disciplinary proceeding in federal court, Pollick filed a praecipe for writ of summons in the Dauphin County Court of Common Pleas against Attorney Matthew Haar, court-appointed investigative counsel in the disciplinary matter, and his employer, Saul Ewing LLP (collectively, "Defendants"), charging them with violating the Pennsylvania Criminal History Records Information Act ("CHRIA"). However, she only asserted those charges in the cover sheet that accompanied the praecipe. Defendants removed the civil matter to the District Court. Pollick appeals the District Court's orders denying her motion to remand the civil matter to state court and dismissing the matter with prejudice under Rule 41(b).

For the reasons set forth below, we will affirm the disciplinary sanction and remand Pollick's civil matter to the District Court with instructions to remand to state court.

I.[1]

---

[1] We have jurisdiction to review a final order of the District Court pursuant to 28 U.S.C. § 1291.

We review a district court's finding of attorney misconduct and imposition of sanctions for abuse of discretion.[2] "[A] court abuses its discretion in imposing sanctions when it 'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'"[3] "[W]e perceive our role in reviewing the district court's action to be extremely limited."[4]

Pollick's primary contention rests on the flawed assertion that the District Court does not have the authority to investigate and suspend her because the Pennsylvania Disciplinary Board has exclusive authority over attorney discipline. She claims that the District Court does not have the authority to: (1) investigate and suspend her because the conduct did not arise from a case, (2) discipline her when the Board found her fit to practice law, (3) appoint Attorney Matthew Haar to investigate her, or (4) order a mental health evaluation as a condition of reinstatement.

Additionally, she claims that the District Court erred by: (1) handling internally the complaint of a sitting judge; (2) failing to apply collateral estoppel to the Board's finding of fitness; (3) "transform[ing] personal conduct into attorney misconduct to sustain a recommended suspension that will have reciprocal consequences in [the Third] Circuit along with all federal courts"; (4) admitting evidence in violation of the First Amendment and CHRIA, by using against her (a) speech during her arrest for domestic

---

[2] *See Adams v. Ford Motor Co.*, 653 F.3d 299, 303–04 (3d Cir. 2011).
[3] *Id.* at 304 (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007)).
[4] *In re Surrick*, 338 F.3d 224, 232 (3d Cir. 2003) (quoting *In re Abrams*, 521 F.2d 1094, 1101 (3d Cir. 1975)).

disturbance when "she was not speaking as an attorney," and (b) speech and conduct while appearing pro se in a personal matter. Appellant's Opening Br. 2–3. The validity of Pollick's arguments depends on the propriety of the District Court's authority. The disciplinary sanction was grounded in the Middle District's Local Rules of Court. Because those rules were properly applied to Pollick's conduct, her arguments fail.

The District Court did not abuse its discretion by sanctioning Pollick for attorney misconduct. Admission to practice before a federal court is a separate privilege from *state* licensure.[5] This is necessarily true because federal courts possess inherent authority to regulate attorneys admitted to their bar.[6] Thus, "[t]he [Middle District of Pennsylvania] has the inherent authority to set requirements for admission to its bar and to discipline attorneys who appear before it."[7] Its Local Rule of Court 83.23.2 provides:

> [a]cts or omissions by an attorney admitted to practice before this court, individually or in concert with any other person or persons, which violate the Rules of Professional Conduct adopted by this court, shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship.[8]

Attorneys practicing in the Middle District of Pennsylvania are also subject to Pennsylvania's Rules of Professional Conduct and the Middle District's Code of

---

[5] *Surrick v. Killion*, 449 F.3d 520, 529 (3d Cir. 2006) (citing *Theard v. United States*, 354 U.S. 278, 281 (1957) ("Although federal courts have traditionally used admission to the bar of a state court as a standard for initial admission to their bars, admission to practice law before a state's courts and admission to practice before the federal courts in that state are separate, independent privileges.").

[6] *In re Snyder*, 472 U.S. 634, 643 (1985).

[7] *In re Surrick,* 338 F.3d at 229 (citing *In re Mitchell*, 901 F.2d 1179, 1183 (3d Cir. 1990); *In re Abrams*, 521 F.2d at 1099).

[8] M.D. Pa. LR 83.23.2.

Professional Conduct and may be subject to discipline for violations of these rules. The Middle District may address allegations of misconduct that do not arise from a case or controversy pursuant to its Local Rule of Court 83.24.1, which provides:

> When misconduct or allegations of misconduct which, if substantiated, would warrant discipline on the part of an attorney admitted to practice before this court shall come to the attention of a judge of this court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these rules, the judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate.[9]

The District Court is obviously obligated to follow its own procedural rules. Those rules include a mechanism for ensuring impartiality when addressing internal complaints. They state: "if the disciplinary proceeding is predicated upon the complaint of a judge of this court the hearing shall be conducted before a panel of three other judges of this court appointed by the chief judge[.]"[10]

Although comity counsels some deference to state disciplinary outcomes, we have held that such determinations do not bind federal courts.[11] Thus, the Middle District may discipline attorneys, independently, even if the State Board has found an attorney fit to practice law. Therefore, the District Court's disciplinary order did not exceed its authority.

---

[9] M.D. Pa. LR 83.24.1.
[10] M.D. Pa. LR 83.24.4.
[11] *In re Abrams*, 521 F.2d at 1100; *see also Theard*, 354 U.S. at 282.

II.[12]

Pollick argues that the District Court erred by refusing to remand the writ of summons since no state complaint existed to evaluate subject matter jurisdiction pursuant to the well-pleaded complaint rule. Pollick is correct.

Under the federal officer removal statute, federal courts have jurisdiction over civil actions directed at "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."[13] Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[14]

Here, there was no state complaint that would have provided a basis for the District Court to evaluate its subject-matter jurisdiction. Absent one, we cannot "discern a causal nexus between any actions that the defendant may have taken as a federal judicial officer and the plaintiff's yet unknown claims."[15] Mere suspicion or conjecture

---

[12] We have jurisdiction under 28 U.S.C. § 1447(d) and, because Pollick's civil action was removed under the federal officer removal statute, 28 U.S.C. § 1442, we can review all grounds raised for removal. *See BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230, 238 (2021). We review issues of subject matter jurisdiction de novo. *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 403 (3d Cir. 2021) (citation modified).

[13] 28 U.S.C. § 1442(a)(3).

[14] 28 U.S.C. § 1446(b)(3); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005) ("[A] writ of summons alone can no longer be the 'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b).").

[15] *Conklin v. Kane*, No. 13-cv-1531, 2013 U.S. Dist. LEXIS 121593, at *3 (M.D. Pa. Aug. 27, 2013).

that Pollick's claims against Defendants arose out of Haar's duties as investigative counsel will not suffice.[16]

Defendants argue that Pollick's testimony in the disciplinary action provided the basis for the District Court's jurisdiction over the civil action. Testimony, even if it provides a rational basis to infer claims, is not a pleading, motion, order, or other paper "filed with [the] court" as required to trigger the thirty-day removal period under Section 1446(b)(3).[17] The basis for Pollick's assertion of state claims against Defendants is not at all clear.[18] Thus, remand of the removed state writ of summons to state court is proper.

III.

For the foregoing reasons, we will affirm the District Court's disciplinary order and remand Pollick's civil matter to the District Court with instructions to remand to state court.

---

[16] *Id.* at *2.

[17] *See Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993), *rev'd on other grounds*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (citing *Rowe v. Marder*, 750 F. Supp. 718, 721 n.1 (W.D. Pa. 1990), *aff'd*, 935 F.2d 1282 (3d Cir. 1991)) ("We also explicitly adopt the rationale of the *Rowe* court that 'at a minimum, anything considered a pleading must be something of the type filed with a court.'").

[18] The cover sheet filed with the writ of summons stated that the action was based on an alleged violation of CHRIA. However, Defendants contend that they did not receive that cover sheet until after this matter was removed to federal court.